W. W. HAYS *et al.* v. THE CITIZENS' BANK, *of Wichita, Kas., et al.*

INSOLVENT CORPORATION — *Directors, Sharing with Other Creditors.* The directors of an insolvent corporation, and who are creditors of the same, cannot, while they continue in the control of its affairs and assets, take any advantage of their position to secure preference or advantage for themselves over other creditors, but must share ratably with the other general creditors in a distribution of the company's assets.

*Error from Sedgwick Court of Common Pleas.*

REPLEVIN by *W. W. Hays,* as sheriff, and Sullivan & Steinmetz, against *The Citizens' Bank,* of Wichita, Kas., and another. At the January term, 1889, the defendants had judgment, and plaintiffs come to this court. The facts appear in the opinion.

*Edwin White Moore,* for plaintiffs in error:

The power of directors of an insolvent corporation to make preferences among the creditors of the corporation, and to secure their own debts, is wrong, and the courts in sustaining such power have taken an inconsistent and illogical position. See Mor. Corp., § 863; *Rouse v. National Bank,* 46 Ohio St. 493. That the assets of a corporation constitute a trust fund for the payment of its debts, has been formulated and announced in many decisions. *Wood v. Dummer,* 3 Mason, 300; *Sanger v. Upton,* 91 U. S. 56; *Curran v. The State,* 15 How. 312; *Upton v. Tribilcock,* 91 U. S. 45; 3 Pom. Eq. Jur., § 1252; 2 id., § 1046; Taylor, Priv. Corp., § 759. See, also, *Haywood v. Lumber Co.,* 64 Wis. 639; *Olney v. Land Co.,* 16 R. I. 597; *Hopkins's Appeal,* 90 Pa. St. 69; *Neal's Appeal,* 129 id. 64; *Bradley v. Converse,* 4 Cliff. 375; *Adams v. Milling Co.,* 35 Fed. Rep. 433.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action of replevin, brought to recover the possession of merchandise, by the Citizens' Bank and Richard Merkle against W. W. Hays, as sheriff, and Charles Sullivan and George Steinmetz, as attaching creditors of the Steinhauser-Merkle Supply Company. The supply company was a corporation organized under the laws of Missouri, and had been engaged in business as a wholesale grocer at Wichita, Kas., for several years prior to July, 1888. The company had a capital stock of $30,000, of which $10,-000 was originally held by Richard Merkle, $10,000 by Steinhauser, his son-in-law, and R. L. Merkle and H. H. Merkle, his sons, each had $5,000 of stock. For some time these four persons constituted the stockholders, and all of them were directors. In November, 1887, Richard Merkle donated and transferred his stock to his sons and son-in-law in equal shares. It appears that the business of the company was unprofitable, and on May 2, 1888, it executed to Richard

Merkle a chattel mortgage upon its merchandise for $15,000, and about the same time executed another chattel mortgage upon the same property to the Citizens' Bank for $21,000, which was made subject and inferior to the one given to Richard Merkle. The amount of these two mortgages was far in excess of the property mortgaged. The mortgagees took possession of the mortgaged property at once, and proceeded to convert it into money, and on July 1, 1888, an attachment action was commenced by the plaintiffs in error, and a portion of the mortgaged goods was levied upon by the sheriff. The mortgagees assumed and alleged that they had a joint lien upon the property, and united in bringing this action for the recovery of possession. The attaching creditors alleged that the mortgages were void, and executed with the intent to defraud creditors. It was further alleged that, at the time of the execution of the mortgage to Richard Merkle, he was a director of the corporation, the remaining directors being his sons and son-in-law, who were indebted to him in a great part for the stock which they owned.

On the trial there was testimony tending to show that the company was insolvent when the mortgages were executed, and some testimony that Richard Merkle was then acting in the capacity of a director in the company. It is true that he had donated his stock six months before the mortgage was made, but there is no evidence that any transfer of the stock was made upon the stock books of the company, and while one witness stated that he supposed that Richard Merkle had resigned his directorship, he based that supposition upon the fact that the stock had been sold. There is testimony that his name appeared upon the stationery and printed matter as a director, and that he continued to participate in the business of the company and direct its management up to the time that the mortgage was made. After this testimony tending to show insolvency, and that Merkle was a director at the time of the execution of the mortgage, the court was asked to give the following instruction:

"If the jury shall find from the evidence that the plaintiff

Richard Merkle was a director of the Steinhauser-Merkle Supply Company at the time when the chattel mortgage was executed, and the company was at that time insolvent, the chattel mortgage would only be valid provided the interests of the other creditors were fully and honestly protected in the transaction by the other directors. A director may take a chattel mortgage from the corporation for which he is so acting, to secure a *bona fide* indebtedness, if such mortgage be taken in good faith, and if such director derives no advantage over other creditors by reason of his office. But a director has no right to use his position to secure an advantage over other creditors. The directors of an insolvent corporation are the trustees of the assets of the corporation for the benefit of all creditors alike, and must exercise their trust in good faith in behalf of all the creditors. If, therefore, the plaintiff Richard Merkle was a director in the aforesaid corporation when this chattel mortgage was given, and used his power as such director to secure the chattel mortgage, or was in substantial degree aided by his position as such director in obtaining a mortgage, the mortgage will be void as against an attaching creditor. In considering the question, you may take into consideration the fact that, of the other three directors, two were the sons and one the son-in-law of the plaintiff Richard Merkle. The fact of the relationship mentioned between the plaintiff and the other directors of the corporation will warrant you in scrutinizing the transaction with especial care."

This instruction was refused, and verdict and judgment were rendered in favor of the mortgagees. The refusal to charge the jury as requested, or that directors of a corporation which is insolvent or in a failing condition cannot, when they are creditors, secure an advantage or preference over other general creditors, is the principal complaint of the plaintiffs below. Although no strong or conclusive evidence was offered that Richard Merkle continued as a director until the mortgage was executed, yet the testimony offered was of such a character as to fairly raise the question, and required the giving of the rule of law applicable in such a case. Assuming that Richard Merkle was still a director, or was acting as such, when he obtained security for the debt alleged to be due to him from the company, can he take advantage of

his knowledge of the failing condition of the corporation and of the trust position which he holds to protect and indemnify himself at the expense of the other general creditors? The directors of a corporation occupy a fiduciary character toward the stockholders and creditors, and, as said in *Ryan v. Railway Co.*, 21 Kas. 389,

"The law will not permit them to manage the affairs of the corporation for their personal and private advantage, when their duty would require them to work for and use reasonable efforts for the general interests of the corporation and its stockholders and creditors." (See, also, *Thomas v. Sweet*, 37 Kas. 183.)

Although there is some diversity of opinion as to whether the directors and managers of an insolvent corporation can prefer one creditor over another, the decisions are well-nigh unanimous that the directors of such a corporation cannot, while they continue in the control of the remaining assets of the corporation, take any advantage of their position to secure preference or advantage for themselves over other creditors. In *Haywood v. Lumber Co.*, 64 Wis. 639, it was held that it was not competent for a director of an insolvent corporation to take a mortgage upon its property, and it was said that

*Insolvent corporation—directors, sharing with other creditors.*

"In such case the authorities seem to be uniform that the directors and officers of the corporation are trustees of the creditors, and must manage its property and assets with strict regard to their interests; and, if they are themselves creditors while the insolvent corporation is under their management, they cannot secure to themselves any preference or advantage over other creditors."

The supreme court of Rhode Island, in treating of the same question, stated:

"If the right to collect a debt is a race of diligence, open alike to both, it must be admitted that it is a race in which the outside creditor is unduly handicapped. The parties do not contend upon an equal footing, and, although it is said that the director has only an advantage which results from his position, and which is known to all who deal with the

corporation, yet no one would say that an ordinary trustee should be entitled to an unequal start with his *cestui* by means of information received in the discharge of his trust.    If, then, the director be a trustee, or one who holds a fiduciary relation to the creditors, in case of insolvency he cannot take advantage of his position for his own benefit, to their loss." (*Olney v. Land Co.*, 16 R. I. 597.)

In *Bradley v. Converse*, 4 Cliff. 375, it was held that the assets of a corporation are regarded in equity as held in trust for the payment of the corporate debts, and Mr. Justice Clifford stated that

"Such assets are usually controlled and managed by a board of directors or trustees, but courts of equity will not permit such managers, in dealing with the trust estate, in the exercise of the powers of their trust, to obtain any undue advantage for themselves, to the injury or prejudice of those for whom they are acting in a fiduciary relation.    Exact equality of benefit may be enjoyed, but the trustees are forbidden to protect, indemnify or pay themselves at the expense of those who are similarly in relation to the same fund."

(See, also, *Drury v. Cross*, 74 U. S. 299; *Koehler v. Iron Co.*, 67 id. 720; *Richards v. Insurance Co.*, 43 N. H. 263; *Corbett v. Woodward*, 5 Sawy. 403; *Lippincott v. Carriage Co.*, 25 Fed. Rep. 577; *Adams v. Milling Co.*, 35 id. 433; *Hopkins' Appeal*, 90 Pa. St. 769; Tayl. Corp., § 759; Mor. Corp., § 787.)

Possibly Richard Merkle may have terminated his connection with the office of director before obtaining security for his debt.    The fact, however, that he donated his stock and transferred it to the other directors does not necessarily free him from the liability of a director, if thereafter he continued to act as such in directing and managing the affairs of the corporation.

We cannot determine from the evidence whether the by-laws of the corporation required that only stockholders can be chosen as directors, and in fact the testimony relating to the position which Richard Merkle occupied toward the corporation is meager and unsatisfactory.    If it is finally established

that he was acting as a director when the security was obtained, that fact will not deprive him of the rights of a creditor. In any event, he is entitled to share ratably with the other creditors in the distribution of the company's assets. The refusal of the court to charge the jury upon this question is an error which compels a reversal of the judgment.

Our attention is called to some other matters, but in view of the decision which we have reached they do not require consideration. The judgment of the court of common pleas of Sedgwick county will be reversed, and the cause remanded to the district court of that county for another trial.

All the Justices concurring.