Moréis E. Spector, J.
The State Commission for Human Rights has initiated a general informal investigation and in the course thereof has caused a subpoena to be served upon the Commissioner and upon the Deputy Commissioner of Commerce and Industrial Development of the City of New York. They move by separate applications for an order quashing and vacating the subpoenas requiring their appearance before the Commission for Human Rights on June 26, 1963. On argument of the motions on that day appearance was deferred to 2:00 p.m. of June 27, 1963 and prior to 2:00 p.m. of that day the parties were advised that the applications were denied, decision to follow.
The investigation was initiated, it appears, upon information coming to the State Commission from the State Employment Service. That service had first informed the New York City *420 Commission for Human Rights of the specific matter involved and about 20 days later, informed the State Commission. The City Commission has also initiated an investigation and hearing, scheduled for June 28,1963.
The legal question tendered is whether the power of the State Commission to issue a subpoena is limited to the procedures outlined in section 297 of the Law Against Discrimination (Executive Law, § 297). That section is entitled “ Procedure.” The procedure is activated upon a complaint of discrimination in employment or otherwise and the ensuing orders are enforcible. The State Commission has additional general and informal power of investigation and this matter involves such an investigation. They result in nonenforcible orders. However such investigations are further implemented pursuant to subdivisions 9 and 10 of section 295 which read:
“9. To issue such publications and such results of investigations and research as in its judgment will tend to promote goodwill and minimize or eliminate discrimination because of race, creed, color or national origin.
“ 10. To render each year to the governor and to the legislature a full written report of all its activities and of its recommendations. ’ ’
Respondent insists that it has full power to investigate into the matters here involved and to issue a subpoena and that such power flows from subdivisions 6 and 7 of section 295, which read:
“6. To receive, investigate and pass upon complaints alleging violations of this article.
“7. To hold hearings, subpoena witnesses, compel their attendance, administer oaths, take the testimony of any person under oath, and in connection therewith, to require the production for examination of any books or papers relating to any matter under investigation or in question before the commission. The commission may make rules as to the issuance of subpoenas by individual commissioners.
“In any such investigation or hearing, the commission, or individual commissioner, or an officer duly designated by the commission to conduct such investigation or hearing, may confer immunity in accordance with the provisions of section two thousand four hundred forty-seven of the penal law.”
The petitioners contend that it is unfair and improper to compel attendance at an informal hearing without opportunity to confront the complaining witness. They argue that the procedure unfairly and unlawfully exposes the witness to public condemnation upon charges not proved and against which the witness is afforded no protection. The same weakness if it is *421 one, would appear to inhere in the informal hearing before the City Commission which is urged as ground for vacatur. There can be no room for doubt that the function of the State Commission is to examine into any question before it and that, of course, can cover the entire range of race discriminatory action except as expressly prohibited. Such a case was Matter of Board of Higher Educ. of City of N. Y. v. Carter (16 A D 2d 443) (appeal to the Court of Appeals pending) and the petitioner sought an order of prohibition. It was there contended that the predecessor State Commission was without power to investigate since the petitioner was an excluded employer. It was so held in the Per Curiam opinion supported by the majority of the court but the further contention that the commission was without power otherwise to investigate the petitioner as a State agency was overruled. Thus it was held that the commission had the power to conduct a general and informal investigation into the conduct of an excluded employer, save as to questions of employment. While the question of power to issue a subpoena was not directly involved, yet we are required to construe and apply the provisions of the statute liberally (Executive Law, § 300) in the enforcement of the powers in the field of discrimination. It cannot be argued from the fact that a particular procedure was outlined (§ 297) in relation to verified complaints filed with the commission by claimant (§ 296) and that such procedure includes the subpoena power, that the subpoena power does not exist in connection with the power to investigate into matters before the commission as covered by the provisions of section 295 of the Law Against Discrimination (Executive Law, § 295).
In all the circumstances therefore the motions to quash and to vacate are denied.