No. 46,231

Sennett Kirk, Jr., and H. B. Doering, *Plaintiffs* and *Appellees*, v. H. G. P. Corporation, Inc.; The Texas Company; and Texaco, Inc., *Defendants;* Claude D. Beets, *Third-Party Defendant* and *Appellant.*

(494 P. 2d 1087)

Opinion filed March 4, 1972.

*Thomas E. Gleason,* of Ottawa, argued the cause and was on the brief for appellant.

*Gwinn G. Shell,* of Garnett, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

Fatzer, C. J.: This action was commenced by the appellees, Sennett Kirk, Jr. and H. B. Doering, as landowners, against an oil and gas lessee corporation, H. G. P. Corporation, Inc. for the cancellation of an oil and gas lease and for statutory and common-law damages arising from the cancellation, including misfeasance in plugging certain oil and gas wells and the failure to plug certain water injection wells on said leases.

The facts are undisputed. The appellant, Claude D. Beets, was one of the incorporators of the defendant corporation in September, 1961. Two leases acquired by the corporation as separate tracts from the prior lessee, Maricibo Oil Exploration Company, on October 16, 1961, were financed through personal loans from Beets to the corporation, evidenced by promissory notes. Beets also made other personal loans to the corporation and at one time H. G. P. was indebted to Beets in the amount of $45,000. Beets owned the majority of the common stock of H. G. P. and was the principal officer, director, and manager of its affairs. The only other stockholder or officer of the defendant corporation was Beets' brother-in-law, who agreed to purchase the minority interest in the corporation for $1,500, and in fact, he never paid for the full minority

interest. The only assets of H. G. P. were the two leases in question and the personal property on those leases. All of the corporate records were in the control of Beets and were kept by him at his home.

On November 19, 1967, after production on the two leases in question had ceased, and salvage operations were proceeding, the appellees filed this action against the defendant corporation and other owners of record of the lease interests, seeking cancellation of the leases and requesting that H. G. P. be required to indemnify the appellees for damages to the surface or to fully restore the surface of said real estate. (K. S. A. 55-128, now amended; K. S. A. 55-132a.) The action further sought attorney's fees and the quieting of title to the land upon which the leases were located. (K. S. A. 55-202.)

Beets was not named a defendant to the original action; however, he was present when the leases were visited and was seen removing personal property from the leased premises by the district court and counsel for the parties to the action. A pretrial memorandum dated March 1, 1968, indicates the parties would negotiate on a time for H. G. P. to salvage its personal property and make some assurances that the real estate would be restored.

On March 4, 1968, counsel for the defendant corporation, consistent with the pretrial memorandum, sent a letter of compromise and settlement to counsel for the appellees; as the letter is of paramount importance in this lawsuit, it is set out in full:

"Mr. Gwinn G. Shell
Attorney at Law
Garnett, Kansas 66032
"Dear Gwinn:
"Since the pre-trial I have talked with Claude Beets and believe we can agree on some basis for disposing of this matter without further court work.
"*Claude is willing for the court to enter judgment of foreclosure on the lease granting the defendant the balance of 1968 to complete the pulling and plugging of wells and removal of any of the corporate property from the lease.* We would also agree that the question of damages should be held in abeyance pending completion of the removal of the property and cleanup incidental thereto. This would leave nothing to determine but the amount of damages, if any, remaining following removal and clean-up. *We would also give some satisfactory guarantee as to responsibility for the damages in order for you to permit the removal of the corporate property.*
"If the matter can be disposed of along these lines, please draft either an agreement or journal entry covering the items agreed upon.
                                        "Yours very truly,
                                        "Gleason and Pinet
(Emphasis supplied.)                    "/s/ Thomas E. Gleason."

Although the last paragraph of the letter appears to condition the agreement upon the filing of an agreement or journal entry covering the items agreed upon and no formal journal entry was ever filed, the original letter was filed with the clerk of the district court July 11, 1968.

Events hereafter detailed show the appellees consented, agreed, and acquiesced to the terms of the compromise and settlement of H. G. P., and refrained from pursuing remedies that were otherwise available to them under the facts and circumstances.

Subsequently, it was discovered that Beets was salvaging the equipment from the leases, purchasing the same from the defendant corporation and the proceeds of the salvage were applied to personal loans outstanding of the corporation, held by Beets. The original loans outstanding of $45,000 had been reduced to $2,200. Further, some of the oil wells had been plugged negligently, and crude oil had been expelled onto the surface of the leases causing considerable damage. Beets also had removed and liquidated virtually all of the corporate assets.

At that point, Beets was made a party defendant to the action. He moved for summary judgment, contending as a matter of law that he could not be held personally liable for the obligations of the defendant corporation. The motion was overruled by the district court. The supplemental petition proceeded to trial and the district court entered judgment for the plaintiffs. Beets has appealed, asserting the district court erred in finding him personally liable for the plugging of the oil wells on the abandoned leases in question and that he was estopped from a denial of the obligation to the plaintiffs by reason of the March 4, 1968, letter, above.

We think there are several reasons why the district court properly held Beets personally liable. The officers and agents of a corporation may be held personally liable for the tortious acts of the corporation in which they have willfully participated. (*Ryan, et al. v. L. A. & N. W. Rly. Co., et al.*, 21 Kan. 365; *Lathrop v. Hall,* 141 Kan. 909, 44 P. 2d 201.) Further, an agent who violates a duty which he owes to a third person is answerable to such third person for the consequences. (*Duensing v. Leaman,* 152 Kan. 42, 102 P. 2d 992; *Russell v. American Rock Crusher Co.,* 181 Kan. 891, 317 P. 2d 847; *Jacobson v. Parrill,* 186 Kan. 467, 351 P. 2d 194.)

The directors, managers, and officers of a corporation have a fiduciary relationship with regard to the corporate assets. If the

corporation is insolvent and the fiduciaries are also creditors of the same, they cannot, while they continue in control of its affairs and assets, take any advantage of their position to secure preference or advantage for themselves over other creditors, but must share ratably with the other general creditors in the distribution of the corporate assets. (*Hays v. Citizens' Bank,* 51 Kan. 535, 33 Pac. 318; *Oil & Gas Co. v. Overfield,* 113 Kan. 294, 214 Pac. 809.)

Upon the theory of the appellant that the March 4, 1968, letter of compromise and settlement was binding only upon the corporation and not him personally, then the settlement became a duty and obligation of the corporation. The action of Beets in salvaging the corporate property, purchasing the same, and then authorizing, as an agent of the principal, the transfer of the proceeds to reduce the notes outstanding, was a breach of his fiduciary duty to share ratably with the appellees. That action of Beets, implicitly making him a preferred creditor, cannot be condoned.

The record shows the defendant corporation was a tool by which the appellant conducted his own personal business. He was the principal stockholder, principal officer and manager of the affairs of H. G. P., principal creditor, principal receiver of the assets, principal salvage operator, and principal transferee of all funds secured by the corporation; in short, *Beets was the defendant corporation.*

The doctrine of *alter ego* fastens liability on an individual who uses a corporation merely as an instrumentality to conduct his own personal business, such liability arising from fraud or injustice perpetrated not only on the corporations but on third persons who deal with the corporation. Under the doctrine of *alter ego,* the court disregards the corporate entity and holds the individual responsible for his acts knowingly and intentionally done in the name of the corporation. (*Kilpatrick Bros., Inc. v. Poynter,* 205 Kan. 787, 473 P. 2d 33.)

It is clear that H. G. P. was a mere cloak by which Beets conducted his personal affairs and when the corporate entity becomes a conduit of an individual, the corporate veil may be pierced by the court in the interest of securing a just determination of rights and liabilities. Such a conclusion follows from the facts and circumstances as disclosed by the record.

The appellees relied upon the good faith settlement tendered by counsel for H. G. P. They did nothing to prevent the salvage

or removal of the corporate property upon the personal assurance of Beets that the plugging of the oil wells and water injection wells would be completed as per the settlement. They had no way of ascertaining that the settlement as represented was other than the intention of the corporation and Beets, nor does the record show Beets made the representation without actual or constructive knowledge of the facts. It is obvious that the representations in the letter were not carried out; instead, Beets proceeded to liquidate the corporate assets for his own benefit and advantage, and negligently supervised the plugging of certain wells and failed to plug others. It was then the appellees sought to have Beets held personally responsible. (*Peterson v. City of Parsons,* 139 Kan. 701, 33 P. 2d 715; *Cox v. Watkins,* 149 Kan. 209, 87 P. 2d 243; *Pelischek v. Voshell,* 181 Kan. 712, 313 P. 2d 1105; *Place v. Place,* 207 Kan. 734, 486 P. 2d 1354.) See, also, Observations on the Law of Misrepresentation in Kansas, James R. Ahrens, 9 Washburn L. J. 315 (1970). The concealment of the intention to liquidate the corporate assets for his personal benefit and the misrepresentation that the corporation would comply with the settlement fastens personal liability on Beets, as well.

This court must also consider the argument of the appellant that the district court erred in considering the cost of statutory plugging of the abandoned wells as an element of damages recoverable by the appellees. We agree that the provisions of K. S. A. 55-139—55-142 (since amended) establish a method by which abandoned wells may be plugged, but see K. S. A. 55-133 and Kansas Corporation Commission Reg. K. A. R. 82-2-503 (c) which provides that the same procedure shall be followed in plugging of injection wells as provided for the plugging of oil and gas wells pursuant to K. S. A. 55-128. When the appellant consented in the March 4, letter that he was,

". . . willing for the court to enter judgment of foreclosure on the lease granting the defendant the balance of 1968 to complete the pulling and plugging of wells and removal of any of the corporate property from the lease,"

he accepted that duty and cannot now deny it. The district court did not err in its determination that Beets was liable for the costs of plugging the wells. (K. S. A. 55-128 [since amended].)

In conclusion, while the district court decided the case upon the theory of estoppel and this court is not satisfied that the theory of estoppel would be the proper reason for the decision,

we note that where the judgment of the district court is supported by the facts, its judgment will not be reversed because it adopted a wrong theory of law, and based its judgment on such erroneous theory. (*Leaderbrand v. Central State Bank of Wichita,* 202 Kan. 450, 450 P. 2d 1; *Custom Built Homes Co. v. State Comm. of Rev. & Taxation,* 184 Kan. 31, 334 P. 2d 808; *Pierce v. Board of County Commissioners,* 200 Kan. 74, 434 P. 2d 858.)

The judgment of the district court is affirmed.