No. 58,950

KANSAS DEPARTMENT OF REVENUE, STATE OF KANSAS, *Appellee*, v.
THE COCA COLA COMPANY, *Appellant*.

(731 P.2d 273)

Opinion filed January 16, 1987,

*Eldon L. Ford*, of Cosgrove, Webb & Oman, of Topeka, argued the cause and
was on the brief for appellant.

*David Prager, III*, Kansas Department of Revenue, argued the cause, and
*William L. Edds*, General Counsel, was with him on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: This is an appeal by the defendant, The Coca Cola
Company (Coke), from an order of the Shawnee County District
Court compelling compliance with interrogatories and a sub-
poena duces tecum issued by the Director of Revenue in con-
nection with a hearing on an assessment of additional income tax
liability. The procedural history of this matter is as follows.

The Department of Revenue conducted an audit, which re-
sulted in an assessment of additional income tax against Coca
Cola. This additional assessment was based on the Department's
conclusion that income from certain foreign subsidiaries should
be taxable because of a unitary relationship between Coke and
the subsidiaries. See the Uniform Division of Income for Tax
Purposes Act, K.S.A. 79-3271 *et seq.* The taxpayer timely peti-
tioned the director for a hearing on this assessment. K.S.A.
79-3226. A hearing was held on April 19, 1983, at which time one
witness testified on behalf of the taxpayer. The matter was

continued, and an additional witness testified on June 7, 1983. We do not have before us the record of that hearing. There is no claim and nothing in the record to show that the record was closed, that the matter was submitted, or that the parties rested. On September 27, 1983, the director of taxation issued a subpoena duces tecum, requesting certain additional documents. Coke complied and supplied those documents. On December 30, 1983, the director issued interrogatories and another subpoena duces tecum. These were served on the company's resident agent on January 5, 1984. The company, through counsel, responded by letter dated February 28, 1984, and received by the department on the following day. The company declined to provide the requested information, stating that upon careful consideration of the interrogatories and K.S.A. 79-3233, it "considers these interrogatories to be unlawful." Counsel for the department responded on June 11, 1984, requesting further explanation of the company's position, or compliance with the interrogatories. There being no response from the company, the department commenced this action on July 10, 1984, by filing its application for an order compelling compliance with interrogatories and subpoena with the clerk of the District Court of Shawnee County. Coke answered, the Department moved for summary judgment, both parties briefed the issues, and on June 26, 1985, the district court issued an order compelling compliance. Coke moved for reconsideration, both parties submitted briefs or memoranda to the court, and on November 4, 1985, the court refused to reverse its order compelling compliance. From that order the company appealed.

On April 9, 1986, the Court of Appeals, by an unpublished order, dismissed the appeal as interlocutory. Coke petitioned this court for review. Finding that the sole issue before the district court, which it decided, was the enforcement of the subpoena and interrogatories issued by the director, and that the appeal was not interlocutory but from a final order, we granted review, vacated the Court of Appeals' order of dismissal, and reinstated the appeal. See *Kansas Commission on Civil Rights v. Sears, Roebuck & Co.*, 216 Kan. 306, 309, 532 P.2d 1263 (1975).

We turn now to the issues raised by Coke in this appeal. It first contends that the interrogatories and subpoena were "untimely." It contends that the Department's power to issue inter-

rogatories and subpoenas terminated at the commencement of the hearing on April 19, 1983. We find nothing in the statutes or regulations to support this contention.

Coke contends that the Department's power to issue subpoenas and interrogatories is the same as that of a trial court, and that such power ceases at the commencement of trial. There is no statutory bar to the issuance of subpoenas during trial. Such practice is commonplace, and we have been cited to no authority to the contrary. As to interrogatories, their issuance is usually governed in civil trials by a cut-off date for discovery, but no such cut-off date is shown to have been fixed in this proceeding.

K.S.A. 79-3233 describes the director's powers and authorizes the director to issue subpoenas and interrogatories "to the same extent and subject to the same limitations as would apply if the subpoena or interrogatories were issued or served in aid of a civil action in the district court." The use of interrogatories in civil proceedings is governed by K.S.A. 60-233, which permits their service on a defendant "with or after service of process upon that party." K.S.A. 60-233 does not expressly forbid the use of interrogatories after trial has begun, nor does any case law interpreting that section. Likewise, K.S.A. 60-226(d), governing sequence and time of discovery, does not prohibit discovery after the onset of trial. K.S.A. 1985 Supp. 60-245 governs the issuance of subpoenas in civil litigation and does not expressly limit their use to the time prior to trial.

The administrative regulations are quite broad. K.A.R. 92-12-65 authorizes the director to issue subpoenas and interrogatories at "any time before or after an assessment has been made." The trial court, in upholding the authority of the director to issue subpoenas and interrogatories in this case, relied upon *Yellow Freight System, Inc., v. Kansas Commission on Civil Rights*, 214 Kan. 120, 519 P.2d 1092 (1974), where we held that the Civil Rights Commission had the power to issue interrogatories prior to the issuance of a notice of hearing. We said:

"The investigative and reporting duties assigned to the commission, when considered in the light of the statute's general purposes, lead us to the conclusion that the legislature did not intend to limit the exercise of the commission's investigatory powers to the preliminary stages of the complaint procedure outlined in K.S.A. 1971 Supp. 44-1005. The commission must be free to investigate, which necessarily implies the use of its subpoena authority, if it is to carry out and give meaning to all the investigatory and reporting duties assigned it in K.S.A. 1971 Supp. 44-1004." 214 Kan. at 124.

The trial court here viewed the interrogatories and subpoena as "simply a part of a proper ongoing audit." This was an ongoing proceeding—the parties had not rested; the hearing had not been closed; the department was simply seeking further information or documents which it deemed pertinent to its contention that additional income taxes, based upon income of certain foreign subsidiaries operating on a unitary basis with Coke, were due the State of Kansas. Interrogatories are a simple way to gather information, much less cumbersome than the subpoena of witnesses who are called upon to bring certain documents and other exhibits with them. We agree with the statement of the trial court:

"[T]he director's duty to ascertain the correctness of tax returns and effect compliance with the state's tax law requires liberal construction of the Director's investigative powers, including the power to issue subpoenas and interrogatories. For this reason, the Director's power was not foreclosed by setting the matter for hearing, and the subpoena and interrogatories in question were timely."

The director should be free to issue subpoenas and interrogatories within the bounds of reasonable discretion. There was no abuse of discretion here.

Next, Coke raises a due process issue. It claims that it would be denied due process if it is forced to comply because it would be denied reasonable opportunity to know the issues and the evidence relied upon by the department. The only reference to the record before the department is that contained within appellee's brief, and that shows clearly that counsel for Coke is well aware of the issues. The hearing is not over, and if the information the director is requesting is offered in the record, Coke will have an opportunity to explain that evidence or offer other evidence if it desires to do so.

The essential elements of due process are notice and a meaningful opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case. *Barnes v. Kansas Dept. of Revenue*, 238 Kan. 820, 824, 714 P.2d 975 (1986); *Elkins v. Showcase, Inc.*, 237 Kan. 720, 728, 704 P.2d 977 (1985). Here, Coke is aware of the issues before the department, and there is no showing that it has been or in the future will be deprived of a meaningful opportunity to be heard and to present its evidence at the administrative hearing. Also, this argument was not raised

in the proceedings before the district court. A point not raised before or presented to the trial court cannot be raised for the first time on appeal. See *Lostutter v. Estate of Larkin*, 235 Kan. 154, Syl. ¶ 6, 679 P.2d 181 (1984); *Lantz v. City of Lawrence*, 232 Kan. 492, 500, 657 P.2d 539 (1983); and *Anderson v. Overland Park Credit Union*, 231 Kan. 97, Syl. ¶ 6, 643 P.2d 120 (1982).

Coke next contends that the trial court erred in finding that the material sought by the subpoena duces tecum and the interrogatories was relevant to the issue before the administrative hearing tribunal—*i.e.*, whether there was a unitary relationship between Coke and the foreign subsidiaries, or whether the foreign subsidiaries were separate and discrete enterprises. The documents and information sought by the subpoena and the interrogatories appear to have a definite bearing on that issue. Coke argues that the information sought includes Coke's secret ingredient in its various products. The Department is seeking information as to the dissemination of that information throughout the foreign subsidiaries, not the secret chemical formulae. We find that the trial court did not err in finding that the information sought is reasonably related to and relevant to the issue.

Finally, Coke contends that the interrogatories and subpoena duces tecum are unreasonably burdensome and oppressive. That issue was not raised initially by Coke in the district court. In its initial memorandum to counsel, upholding the interrogatories and the subpoena, the trial court, in discussing relevancy, said:

"The subpoena and interrogatories are definite, and facially appear to have some bearing on the relationship between Coke and its subsidiaries. Accordingly, *absent a showing that the subpoena and interrogatories are unreasonable or oppressive*, they are proper and the order compelling compliance is sustained." (Emphasis supplied.)

Coke then filed a motion for reconsideration in which it alleged that the requests of the subpoena and interrogatories are unreasonable and oppressive. In ruling on this motion, the trial court said:

"Defendant now claims that the interrogatories and subpoena are oppressive and unreasonable, therefore defendant should not be required to comply. Under today's liberal discovery principles a party objecting to discovery must carry a heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418 (1975). Whether good cause exists to deny discovery or issue protective orders must be based upon factual data, not unsupported contentions and conclusions. *Apco Oil Corp. v. Certified Transportation, Inc.*,

46 F.R.D. 428 (1969). Defendant has failed to carry the burden of showing good cause since no factual data has been presented to the Court. Defendant simply makes little more than general blanket allegations that the interrogatories and subpoena are broad and unreasonable. Discovery requests are not objectionable simply because they are facially broad. By its very nature, discovery is burdensome to some extent, but without more of a showing by defendant, the Court will not reverse its order compelling compliance."

Coke now asks that the matter be remanded to the trial court so that it may make a determination on the issues of unreasonableness and oppression. The trial court has already made that determination. We have carefully reviewed the record, and conclude that the trial court did not err in finding that the requests were neither unreasonable nor oppressive.

The judgment of the Court of Appeals is reversed and the judgment of the district court is affirmed.

PRAGER and ALLEGRUCCI, JJ., not participating.