(784 P.2d 378)
No. 63,012 ■

IN THE MATTER OF THE APPEAL BY WICHITA BUILDING MATERIAL
CO., INC., FROM THE BOARD OF TAX APPEALS OF THE STATE
OF KANSAS.

Opinion filed July 28, 1989.

*William E. Waters*, of Topeka, for appellant Kansas Department of Revenue.

*Roger K. Wilson*, of Arn, Mullins, Unruh, Kuhn & Wilson, of Wichita, for appellee Wichita Building Material Company, Inc.

Before LARSON, P.J., STEVEN P. FLOOD, District Judge, assigned, and DAVID S. KNUDSON, District Judge, assigned.

KNUDSON, J.: The director of property valuation of the Kansas Department of Revenue appeals from a determination by the district court that the decision of the Board of Tax Appeals was unreasonable and arbitrary.

The taxpayer, a merchant as that term is defined in K.S.A. 79-1001, for each year in issue reported inventory values to the county appraiser in amounts equal to the amounts reported on

its federal income tax returns. The taxpayer used the "last in, first out" (hereafter LIFO) accounting method for determining inventory values on its federal tax returns. Under the LIFO accounting method, merchandise most recently sold is considered to be that most recently acquired, while inventory on hand is considered to be that merchandise earliest acquired. The county appraiser, after reviewing the taxpayer's statements, recomputed the inventory value for each year and additional taxes and penalties were assessed. Thereafter, the taxpayer filed tax protests and grievances with the Board of Tax Appeals to seek abatement of the additional taxes and penalties.

The various applications were heard at the same time by the board and, after hearing, the board found in favor of the taxpayer. The county filed a motion for rehearing and the director of property valuation for the Kansas Department of Revenue intervened. After rehearing, the board reversed itself, deciding that the value of a merchant's inventory must be based on its fair market value as defined in K.S.A. 79-503a and that the LIFO accounting method was inappropriate. Thus, the board upheld the recomputed valuations made by the county appraiser and the resulting assessments.

The taxpayer filed a petition for judicial review in the Sedgwick County District Court. The district court held that the board erroneously interpreted K.S.A. 79-1001a and 79-1001b, and that the board's order was unreasonable and arbitrary. The district court ordered appropriate refunds to the taxpayer.

The director of property valuation raises three issues on appeal:

1. Whether K.S.A. 79-1001a and 79-1001b require a merchant's inventory to be reported and valued at its fair market value as defined in K.S.A. 79-503a;

2. Whether K.S.A. 79-1461 empowers the county appraiser to value a merchant's property at its fair market value when the appraiser believes that the merchant's statement of inventory does not adequately represent the value of the property; and

3. Whether K.S.A. 79-1001a and 79-1001b violate Article 11, § 1 of the Constitution of the State of Kansas, which requires a uniform and equal rate of assessment and taxation?

The director contends that a merchant's inventory must be reported and valued at its fair market value and valuation should not be based solely on the particular accounting method utilized by the merchant.

K.S.A. 79-1001a provides:

"Every merchant shall for the purpose of taxation make and deliver to the assessor a statement giving the fair market value in money of personal property held as inventory within the state of Kansas for sale in his business as a merchant. For the purpose of such statement the fair market value in money of personal property held by a merchant as inventory shall be an amount equal to the average of the fair market value in money of the personal property held as inventory within the state of Kansas for sale by such merchant during his tax year (as established for reporting for federal income tax purposes) next preceding the time of filing the statement of personal property."

K.S.A. 79-1001b provides the formula for calculating the fair market value of a merchant's inventory:

"The average of the fair market value of the personal property held as inventory for sale by a merchant during the preceding tax year, as established for reporting for federal income tax purposes, shall be determined in the following manner:

"(a) Add the fair market value of personal property held as beginning inventory by such merchant on the first day of such tax year, as reported for federal income tax purposes for such year, to the fair market value of personal property not reflected in such beginning inventory which is con-signed to and held for sale by such merchant on such date;

"(b) add to the amount computed in subsection (a) the fair market value of personal property held as ending inventory by such merchant on the last day of such tax year, as reported for federal income tax purposes for such year and the fair market value of personal property not reflected in such ending inventory which is consigned to and held for sale by such merchant on such date;

"(c) divide the amount computed under subsection (b) by two . . .; and

"(d) subtract from the average of the fair market value of property held as inventory, as computed under subsection (c), the operating and admin-istrative costs and expenses of the business for which such inventory is listed and reported, including overhead and obsolescence or depreciation in value not reflected in determining the value of inventory under the provisions of subsections (a), (b) and (c), not exceeding an amount equal to 40% of the average value of the inventory of such business as determined under the provisions of subsection (c)."

The taxpayer contends, and the district court found, that these two statutes require a taxpayer to report inventory for ad valorem taxation at the values reported for federal income tax purposes.

The director contends references to federal income taxes in K.S.A. 79-1001a and 79-1001b refer to the tax year established for federal tax purposes, not to amounts reported. That would appear to be a correct statement with regard to the language of K.S.A. 79-1001a which refers to the fair market value of property held as inventory "by such merchant during his tax year (as established for reporting for federal income tax purposes)."

However, subsections (a) and (b) of K.S.A. 79-1001b, in setting out the reporting formula, provide that the fair market value of personal property held as inventory on the first day of the tax year *"as reported for federal income tax purposes"* should be added to the fair market value of the personal property held as inventory on the last day of such tax year *"as reported for federal income tax purposes."* (Emphasis added.) This language appears to differ from the language in K.S.A. 79-1001a which seems to refer to the taxpayer's federal income tax year. The language in K.S.A. 79-1001b, on the other hand, seems to refer to the actual value reported on the federal return.

We are mindful of accepted rules of statutory construction. The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when that intent can be ascertained from the statutes. *Southeast Kansas Landowners Ass'n v. Kansas Turnpike Auth.*, 224 Kan. 357, 367, 582 P.2d 1123 (1978). We believe the statutes in question to be unambiguous and clear as to legislative intent. The legislature, in its wisdom, provided the taxpayer should submit a statement to the county assessor consistent with the inventory value shown upon the taxpayer's federal return. It is apparent that except in times of significant economic fluctuations this would be an acceptable method upon which the taxpayer and ultimately the taxing authority could ascertain "fair market value" as required under the Kansas Constitution and K.S.A. 79-503a. The legislature was attempting to establish a convenient, workable, and economical mode for determining actual fair market value. Consequently, we conclude the trial court did not err in its determination that the Board of Tax Appeals erroneously interpreted K.S.A. 79-1001b.

The director next contends K.S.A. 79-1461 permits a county appraiser to challenge the rendition of inventory values in the personal property statements that are submitted. The taxpayer

argues the county appraiser does not have authority to re-value an inventory when its submitted value conforms with K.S.A. 79-1001b.

K.S.A. 79-1461 provides in part:

"[I]f the county appraiser shall be of the opinion that any form filed is not adequate or does not truly represent the property to be appraised, the county appraiser shall investigate, identify, list and value such property."

We are persuaded K.S.A. 79-1461 does authorize a county appraiser to scrutinize a taxpayer's filed inventory statement and re-value listed inventory if necessary to secure compliance with K.S.A. 79-503a. The taxpayer's reading of the statute is too formalistic and inconsistent with its intended purpose. The statute should be read and construed within the context of a self-reporting tax system. It would be illogical and contrary to a fair and just taxing system to construe the statute as precluding re-valuation by the appraiser. We believe the statute is clear upon this point and altogether consistent with K.S.A. 79-503a and K.S.A. 79-1001b. Therefore, the Sedgwick County appraiser did have authority to re-value the taxpayer's inventory. It therefore follows that there was substantial competent evidence to support the decision of the Board of Tax Appeals.

The taxpayer in its written brief filed with this court raises the issue as to whether the LIFO method for valuating inventory did in fact render the inventory at its fair market value under K.S.A. 79-503a. Our review of the record persuades us this issue was presented for the first time on appeal and should not be considered. See *Kansas Dept. of Revenue v. Coca Cola Co.*, 240 Kan. 548, 552, 731 P.2d 273 (1987).

Having reached the above determinations, we deem moot the constitutional issue presented for consideration.

We conclude the decision of the Board of Tax Appeals was not unreasonable or arbitrary. Accordingly, the judgment entered by the district court is reversed and the board's order upon rehearing dated June 8, 1988, is hereby reinstated.