Sandra L. Jacquot, County Counselor Shawnee County Courthouse 200 S.E. Seventh Street, Suite 100 Topeka, Kansas 66603-3932
Dear Ms. Jacquot:
You request our opinion regarding the subpoena power granted under K.S.A. 79-1461. Specifically your question is this:
 "Does K.S.A. § 79-1461 authorize the Shawnee County Counselor's office to subpoena income and expense information which the county appraiser reasonably believes would be useful in determining the fair market value of real estate property located within the county?"
You indicate that some taxpayers in the county have expressed the view that this statute applies only to investigation of personal property, and that a case must be pending before a subpoena may issue under this authority. These are the two issues we will address. Whether a particular request is a reasonable one must be determined on a case by case basis. See Attorney General Opinion No. 94-8.
K.S.A. 79-1461 provides as follows:
 "If any person refuses or fails to complete and deliver to the county appraiser a form of such person's property as required by law, or if the county appraiser shall be of the opinion that any form filed is not adequate or does not truly represent the property to be appraised, the county appraiser shall investigate, identify, list and value such property.
. . . .
 "The appraiser may request the county or district attorney or county counselor to subpoena and examine under oath any person or persons, records or documents that it is reasonable to believe would be useful in identifying and determining the value of the property located within the county."
The statute does not specify whether the property referred to is real or personal. K.S.A. 79-102 defines the terms real property, personal property and property, providing that when used alone the term property "shall mean and include every kind of property subject to ownership." Based on these definitions, it appears that the subpoena powers authorized by K.S.A. 79-1461 would extend to investigation of both real and personal property. This conclusion is supported by other statutes that must be read in pari materia with K.S.A. 79-1461. K.S.A. 79-1461
was enacted as a part of a comprehensive property tax bill during the 1982 session. L. 1982, ch. 391, § 8. Section 4 of that enactment, codified at K.S.A. 79-1457, required the county appraiser to make available all necessary blank forms prescribed or approved by the director of property valuation "which are required to be completed and returned by the public to the county appraiser," and required the county appraiser to utilize those forms in appraising "all real and personal property." K.S.A. 79-1461 is the companion statute to this provision, setting forth the procedure to be followed in the event a taxpayer fails or refuses to complete and deliver such forms. Because K.S.A. 79-1457
deals with both real and personal property, it is reasonable to conclude that K.S.A. 79-1461 does as well. Similary, K.S.A. 79-1462, also a part of the 1982 enactment, refers to both real and personal property in setting forth a penalty for refusal to give evidence as required by the county appraiser. When interpreting this statutory provision for other reasons, the Kansas appellate courts have never indicated that its scope is limited to investigation and valuation of personal property. SeeDillon Stores, a Division of Dillon Companies, Inc. v. Lovelady,253 Kan. 274, 282 (1993); In re Application of Park Commissioners for AdValorem Tax Exemption, 14 Kan. App. 2d 777, 781 (1990). See also
Attorney General Opinion No. 94-8. It is therefore our opinion that K.S.A. 79-1461 allows the county appraiser to seek issuance of a subpoena to compel production of records the appraiser reasonably believes would be useful in determining the value of real property.
With regard to the issue of whether there must be a case in controversy before the subpoena authorized by K.S.A. 79-1461 may be issued, the Kansas Supreme Court has twice quoted favorably the following statement of the California superior court:
 "`[T]he heads of departments of government may compel the production of evidence for purposes of investigation, without instituting formal proceedings against the one from whom the evidence is sought or filing any charges against him. As has been said by the United States Supreme Court, the power to make administrative inquiry is not derived from a judicial function but is more analogous to the power of a grand jury, which does not depend on a case or controversy in order to get evidence but can investigate "merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." . . .' (Brovelli v. Superior Court, [364 P.2d 462] p. 529.)" Cessna Aircraft Co. v. Kansas Commission on Civil Rights, 229 Kan. 15, 25 (1981); Yellow Freight System, Inc. V. Kansas Commission on Civil Rights, 214 Kan. 120, 124 (1974).
In Attorney General Opinion No. 94-8 it was concluded that a subpoena under K.S.A. 79-1461 is an agency subpoena rather than a judicial one and therefore the rules associated with agency subpoenas are relevant.
In conclusion, K.S.A. 79-1461 provides authority for a county appraiser to seek issuance of a subpoena for records when the appraiser has reason to believe such records would be useful in valuing property located within the county, whether such property is real or personal. The existence of a case in controversy is not a prerequisite to issuing a subpoena under this authority.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm