Charlie **DELIA**, Transferee of Assets of Lath Rite Builders, Inc., Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

**No. 16591.**

United States Court of Appeals
Sixth Circuit.

June 22, 1966.

Martin J. Welsh, Cleveland, Ohio, for petitioner, Welsh, Sorin, Rabb & Cohn, Cleveland, Ohio, on the brief.

Anthony Z. Roisman, Atty., Dept. of Justice, Washington, D. C., for respondent, Richard M. Roberts, Acting Asst. Atty. Gen., Meyer Rothwacks, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., on the brief.

Before PHILLIPS, Circuit Judge, and McALLISTER and CECIL, Senior Circuit Judges.

HARRY PHILLIPS, Circuit Judge.

The tax court held that petitioner, Charlie Delia, as transferee is liable for a deficiency in income taxes assessed against Lath Rite Builders, Inc., for the taxable years 1954 and 1955, and Delia has filed a petition to review.

Two issues are presented: (1) Is the corporation liable for the tax and (2) if so, is Delia liable as transferee?

■ The memorandum opinion of the tax court, reported T. C. Memo. 1964–329, sets forth the facts of the case in detail and reference is made thereto. The testimony offered at the hearing contains sharp conflicts. It is the province of the tax court to make findings of fact, to weigh the evidence and to test the credibility of the witnesses. Unless the tax court is clearly erroneous in these matters, this court is bound by its findings. Commissioner v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218.

The corporation was organized under the laws of Ohio in 1950 by Delia and Albert Azolino and engaged in the business of constructing homes. Petitioner and Azolino owned the stock in equal shares and both were officers and directors. Throughout 1951, 1952 and 1953 the corporation was under the joint control of petitioner and Azolino and both drew salaries. Early in 1954 Azolino moved to Florida because of ill health, arranging for the corporation's bookkeeper to sign his name to checks. The charter of the corporation was cancelled by the Ohio Secretary of State on October 15, 1959, for failure to pay State corporate franchise taxes.

Between 30 and 35 houses were under construction when Azolino left. No new construction was begun after that date. The houses already under construction were completed and sold during the remainder of 1954 and 1955.

No corporate income tax returns were filed by the corporation for the taxable years 1954 and 1955. Thereafter the Commissioner assessed a deficiency for these years, based upon net income of $6,396.33 for 1954 and $12,881.30 for 1955. The tax court found that all reasonable efforts to collect the deficiency have been made by the Internal Revenue Service, and that the assessment remains unpaid.

During August 1956, at a time when the corporation was insolvent, Delia endorsed two checks payable to the corporation, totaling $7,972.37 and deposited them in his personal checking account. No part of this sum was reported by him as income in his tax return for 1956.

The tax court held that petitioner is liable for the corporation's unpaid income taxes for 1954 and 1955 as transferee of the assets of the corporation.

Petitioner claims that the corporation owed him a salary of $15,000 for 1954 and $7,500 for 1955 and that this 1954 salary claim was evidenced by a promissory note in that amount, signed by the bookkeeper of the corporation; and that these salary claims should be allowed to the corporation as business expenses. It is contended that the corporation owed no taxes for either 1954 or 1955 because allowance of the 1954 salary as a business expense would result in a net operating loss carry-over, which, together with petitioner's salary for 1955, would wipe out the corporation's tax liability for both years. Upon this basis Delia argues that the corporation would owe no tax.

■ The tax court disallowed the claimed salary deductions because: (1) petitioner reported no salary from the corporation on his personal income tax returns for the years in question; (2) the corporate books, which concededly were in disarray, contained no entries for salaries for the years 1954 and 1955 although notes for salaries in prior years were accurately reflected; (3) the revenue agent who made the initial investigation testified that petitioner told him that "he was not desirous of the corporation claiming any compensation for the service rendered by him;" and (4) petitioner devoted little time to the affairs of the corporation and was engaged in other activity during 1954 and 1955 from which he earned a livelihood.

While there are conflicts in the evidence on some of these factual determinations, we hold that the decision of the tax court on the issue of the tax liability of the corporation is not "clearly erroneous" but to the contrary is supported by substantial evidence.

Petitioner further contends that, even if the corporation was liable for the tax as assessed, the tax court erred in holding that he is liable as transferee.

It is undisputed that Delia deposited to his personal bank account assets belonging to the corporation totaling at least $7,972.37. Delia was an officer and director of the corporation and was solely in charge of its affairs at the time of the transfer. The corporation was insolvent and thereafter the Internal Revenue Service was unsuccessful in its efforts to collect from the corporation taxes which it owed.

■■ Under the express provision of the Revenue Code of 1954,[1] petitioner is liable for taxes owed by the corporation to the extent that he received corporate assets as a transferee. The Government's substantive rights against the transferee are precisely those which other creditors would have under Ohio law. Commissioner v. Stern, 357 U.S. 39, 47, 78 S.Ct. 1047, 2 L.Ed.2d 1126.

■ Petitioner asserts that he had a valid claim against the corporaton for unpaid salary for the years 1951 and 1952 and that to this extent the transfer was for payment of an antecedent debt. If so, the transfer was void as a preference under Ohio law.

In National Finance Co. v. Marlow, 343 F.2d 125, 126–127 (C.A.6), this court summarized the Ohio law as follows:

"'Ohio follows the rule that the property and assets of a corporation constitute a trust fund for the payment of its debts, and that an insolvent corporation which has ceased to do business can not by transfer of its property to one of its creditors in payment of antecedent debts create a valid preference to that creditor over its other creditors. When such a situation occurs, the property transferred may be traced and recovered unless the holder is a bona fide purchaser for value, and without notice.'"

See also O.R.C. § 1313.56; Rouse v. Merchants' National Bank, 46 Ohio St. 493, 22 N.E. 293, 5 L.R.A. 378.

Petitioner relies upon National Bank of Commerce v. Gettinger, 68 Ohio St. 389, 67 N.E. 739, and Carruthers v. Kennedy, 121 Ohio S. 8, 166 N.E. 801. Good faith and lack of knowledge are turning points in these cases. We agree with the following finding of the tax court:

"The facts show that petitioner managed and controlled the corporation when these transfers were made. He knew the extent of its assets and liabilities. With the knowledge that the corporation was then under investigation by respondent, he transferred the remaining corporate assets to himself. We conclude that he did so to prefer himself over other creditors, particularly the respondent."

■ As for that part of the transferred assets which petitioner claims as payment of salary for 1954 and 1955, we agree with the tax court that the transfer was not based upon an adequate consideration, in view of our holding as to the salary claimed for these years. Such a transfer without consideration is a fraud upon creditors under Ohio law. Crumbaugh v. Kugler, 2 Ohio S. 373, 374; Squire v. Cramer, 64 Ohio App. 169, 28 N.E.2d 516.

Affirmed.

---

1. § 6901. Transferred assets.
  "(a) Method of collection. — The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred:

"(1) Income, estate, and gift taxes.—
  "(A) Transferees.—The liability, at law or in equity, of a transferee of property—
  "(i) of a taxpayer in the case of a tax imposed by subtitle A (relating to income taxes), * * *"