Champion Development Company, Inc. v. Commissioner.
Champion Development Co. v. Commissioner
Docket No. 5778-65.
United States Tax Court
T.C. Memo 1968-201; 1968 Tax Ct. Memo LEXIS 96; 27 T.C.M. (CCH) 983; T.C.M. (RIA) 68201; September 16, 1968. Filed John P. Graham, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a liability of petitioner, as transferee, for assessed and unpaid income taxes and additions to taxes plus interest, of Temple McAllister and Edna McAllister for the calendar years 1956, 1957, 1958, 1959, 1960, and 1961 in the amount of $22,217.37 plus interest, which $22,217.37 was composed of *97 $14,827.97 unpaid taxes, $2,495.13 unpaid additions to taxes, and $4,894.27 assessed interest to November 20, 1964. Pursuant to notice served upon petitioner on March 4, 1968, this case was called from the trial calendar at Cleveland, Ohio on June 3, 1968. There was no appearance by or on behalf of petitioner. On June 4, 1968, the case was again called for trial at Cleveland and again there was no appearance by or on behalf of petitioner. Pursuant to motion made by respondent, and after hearing thereon, this Court had on August 24, 1966, issued an order striking portions of the amended petition relative to all assignments of error except the assignment that petitioner is not a transferee of Temple McAllister and Edna McAllister with respect to which issue the burden of proof is upon respondent. Therefore, the sole issue for decision in this case is whether petitioner is liable as a transferee for the unpaid income taxes reported by Temple and Edna McAllister on their income tax returns and unpaid deficiencies in income taxes and additions to taxes due by Temple and Edna McAllister for the calendar years 1956 through 1961, plus interest thereon as provided by law. Findings of Fact
*98 Petitioner is a corporation organized under the laws of the State of Ohio. At the date of the filing of its petition and amended petition in this case, its office was located in Warren, Ohio. Temple and Edna McAllister, husband and wife (hereinafter referred to as the McAllisters), failed to pay their income taxes as reported on their returns, uncontested deficiencies, and uncontested additions to taxes assessed against them for the taxable years 1956 through 1961 after notice and demand for such taxes was made. The amounts of tax and additions to tax which the McAllisters failed to pay and the date on which notice and demand was made are as follows for the years indicated: Year
Date of Notice and Demand
Unpaid Return Taxesand Deficiencies
Unpaid Additionsto Tax
Total
1956
August 23, 1963
$ 421.16
$ 105.29
$ 526.45
1956
October 9, 1964
5,238.00
1,309.50
6,547.50
1957
August 23, 1963
1,359.42
339.86
1,699.28
1957
October 9, 1964
2,413.24
641.38
3,054.62
1958
October 9, 1964
1,055.29
23.13
1,078.42
1959
October 9, 1964
0
25.75
25.75
1960
October 9, 1964
282.62
50.22
332.84
1961
October 9, 1964 4,058.24
0
4,058.24 $14,827.97
$2,495.13
$17,323.10
*99 On October 4, 1963, respondent assessed interest with respect to the $421.16 of tax for which notice and demand had been made on August 23, 1963, and with respect to the $1,359.42 of tax and $339.86 of additions to tax for the year 1957 for which notice and demand was made on August 23, 1963. The amounts of interest so assessed were $159.66 as to the year 1956 and $433.79 as to the year 1957. On November 20, 1964, respondent assessed interest with respect to unpaid income taxes for the years 1956, 1957, 1958, 1959, 1960, and 1961 with respect to which notice and demand was made on October 9, 1964, the total amount so assessed being $4,300.82, making a total assessed interest on unpaid taxes for all such years involved of $4,894.27. The amounts of taxes and additions to taxes for the years 1956 through 1961 plus interest as provided for by law, for which notice and demand was made on the McAllisters on August 23, 1963 and October 9, 1964, as heretofore set forth, remained outstanding and unpaid at the date of the trial of this case. 985 On October 31, 1963, the McAllisters transferred their laundromat business at Masury, Ohio to petitioner, the recited consideration for the *100 transfer being " - Dollars and other valuable consideration." The fair market value of the laundromat on October 31, 1963, was at least $12,872.80. There was a chattel mortgage encumbering the laundromat on the date it was transferred to petitioner in the amount of $912.93, leaving as the value of the interest of the McAllisters in the laundromat as of that date the amount of at least $11,959.87. At sometime prior to August 31, 1966, the chattel mortgage on the laundromat was paid off. On October 31, 1963, the McAllisters transferred to petitioner their right, title, and interest as purchasers under a land contract in a shopping plaza at Masury, Ohio. The transfer was made by written assignment at the bottom of the first page of the land contract and the recited consideration was "Ten Dollars and other valuable consideration." There was an outstanding balance owed on this land contract as of the date of the transfer to petitioner of $28,224.06. On October 31, 1963, the fair market value of the McAllisters' interest in the shopping plaza was at least $19,000. On August 31, 1966, the outstanding balance on the mortgage on this property had been reduced to $14,986.18. On Cotober 31, *101 1963, the McAllisters transferred by separate warranty deeds the following real property to petitioner: (1) Real estate located at Smithfield, Ohio which had a fair market value at the date of transfer of at least $12,000 and was encumbered by a mortgage with a balance then due thereon of $7,012.18, leaving a value of the interest of the McAllisters as of October 31, 1963 of at least $4,987.82. The consideration recited for this transfer was "Ten dollars and other value considerations." By October 31, 1966, the outstanding balance on the mortgage on this property had been reduced to $4,926.50. (2) Real estate located in Youngstown, Ohio, having a fair market value at the date of the transfer to petitioner of at least $7,620, which was encumbered by a mortgage in the amount of $4,820.57, leaving the fair market value of the interest of the McAllisters in the property on the date it was transferred to petitioner at $2,799.43. The recited consideration for the transfer was "Ten dollars and other consideration." By August 31, 1966, the outstanding balance on this mortgage had been reduced to $2,979.12. (3) Two vacant lots, one in Columbiana County and the other in Trumble County, *102 Ohio, with a fair market value at the date of the transfers to petitioner of at least $5,700 and $300, respectively. The consideration recited for the transfer was "Ten dollars and other valuable consideration." The property transferred by the McAllisters to petitioner on October 31, 1963, was substantially all the assets of value then owned by the McAllisters. Petitioner was controlled by the McAllisters and its office address was the home address of the McAllisters. Petitioner's stock ledger indicated that stock of the corporation worth $500 had been issued to the McAllisters in January of 1964 and that no other stock was outstanding. In 1964 the records of petitioner contained a fire insurance policy for the shopping plaza in Masury, Ohio, taken out in the name of the McAllisters and dated November 15, 1963, and the various deeds, and the written assignment of the land contract and the purchase agreement from the McAllisters to petitioner, all dated October 31, 1963. As of 1964, the corporate records of petitioner failed to reflect any meeting of stockholders or of directors. Petitioner had no bank account until March of 1964. As of 1964 the mortgage holders on the various *103 properties transferred by the McAllisters to petitioner had not been notified of the transfer of the properties. As of January 7, 1964, the only assets owned by the McAllisters were an automobile having a value of $200, and household furniture of a value of $2,000, and their liabilities, including accounts payable, notes payable, judgments and mortgages, exceeded $300,000. Of these liabilities of the McAllisters, at least the amount of $132,000 was outstanding as of October 31, 1963. Subsequent to October 31, 1963, the only asset of the McAllisters which had not been transferred to petitioner besides the automobile and household furniture was a small bank account of less than $100, which account was levied on by the district director of internal revenue in 1964 prior to the time petitioner's bank account was opened in March 1964. The transfers from the McAllisters to petitioner on October 31, 1963, were made without fair and adequate consideration. 986 The McAllisters were insolvent at the time of the transfers and the transfers by the McAllisters of this asset to petitioner were in fraud of creditors including the United States. Ultimate Fact Petitioner is liable as *104 transferee for the unpaid assessed income taxes, additions to taxes, and interest of Temple and Edna McAllister for the years 1956, 1957, 1958, 1959, 1960, and 1961, plus interest as provided by law, these amounts being as follows: *11 1956
Income tax
$5,659.16
Additions to tax (Sec. 6651(a) I.R.C. 1954) 1,414.79
Liability $7,073.95 Plus interest as provided by law on $5,659.16 of the liability from April 15, 1957, and on $105.29 of the liability from August 23, 1963, and on $1,309.50 of the liability from October 9, 1964, to the date of payment. *11 1957
Income tax
$3,772.66
Additions to tax (Sec. 6651(a), I.R.C. 1954)
943.17
Addition to tax (Sec. 6654, I.R.C. 1954) 38.07
Liability $4,753.90 Plus interest as provided by law on $3,772.66 of the liability from April 15, 1958, and on $339.86 of the liability from August 23, 1963, and on $641.38 of the liability from October 9, 1964, to the date of payments. *11 1958
Income tax
$1,055.29
Addition to tax (Sec. 6654, I.R.C. 1954) 23.13
Liability $1,078.42 Plus interest as provided by law on $1,055.29 of the liability from April 15, 1959, and on $23.13 of *105 the liability from October 9, 1964, to the date of payment. *11 1959
Liability, addition to tax (Sec. 6654, I.R.C. 1954)
$25.75 Plus interest as provided by law on the above liability from October 9, 1964, to the date of payment. *11 1960
Income tax
$282.62
Addition to tax (Sec. 6654, I.R.C. 1954) 50.22
Liability $332.84 Plus interest as provided by law on $282.62 of the liability from April 15, 1961, and on $50.22 of the liability from October 9, 1964, to the date of payment. *11 1961
Liability, income tax
$4,058.24 Plus interest as provided by law on the above liability from April 15, 1962, to the date of payment. Opinion The facts in this case show that the McAllisters transferred all their assets to petitioner on October 31, 1963 at a time when they were insolvent. The transfer was made after notice and demand for payment of income taxes with respect to the years 1956 and 1957 had been issued to them and at a time when they knew they owed the United States income taxes which they had reported on their income tax returns but which they had not paid. Section 6901, I.R.C. 1954, provides *106 that the amount of the liability, at law or in equity, of a transferee of property shall be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred. To hold a party liable as a transferee at law or in equity for a transferor's delinquent taxes, respondent must show that the transferee received the assets of the transferor and that the transferor was insolvent at the time of the transfer or was rendered insolvent by the transfer of that property. J. Warren Leach, 21 T.C. 70, 75 (1953). Respondent has shown these facts in this case and has shown that the transfer by the McAllisters to petitioner was without an adequate consideration. Where a person knows of outstanding indebtedness and with knowledge of such indebtedness transfers his assets without an adequate consideration, such a transfer is a fraud upon creditors under Ohio law. Delia v. Commissioner, 362 F. 2d 400 (C.A. 6, 1966), affirming a Memorandum Opinion of this Court. Respondent has therefore shown that petitioner is liable as transferee for the income taxes, including *107 uncontested deficiencies, additions to taxes, and interest thereon due by the McAllisters both because the McAllisters made a transfer of their assets to petitioner at a time when they were insolvent and 987 because of the fact that the transfers were made without adequate consideration at a time when the McAllisters knew of their indebtedness to the United States, J. Warren Leach, supra, and Delia v. Commissioner, supra. Since the value of the assets transferred by the McAllisters to petitioner was in excess of the liability for taxes and additions to taxes owed by the McAllisters, petitioner is also liable for interest on the taxes and additions to taxes as provided by law. Leo L. Lowy, 35 T.C. 393 (1960). Decision will be entered for respondent in accordance with our ultimate finding.