512 P.2d 646 (1973)
The EPCON CO., a division of Dart Industries, Inc., a Delaware corporation, Plaintiff-Appellee,
v.
BAR B QUE BARON INTERNATIONAL INC. and Baron Development Co., Inc., Defendants,
G. L. Boone, Defendant-Appellant.
No. 71-488.
Colorado Court of Appeals, Div. II.
July 17, 1973.
*647 Edison & Berman, Norman E. Berman, Denver, Irvin M. Kent, Denver, for plaintiff-appellee.
Sidney S. Jacobs, Jay L. Gueck, Denver, for defendant-appellant.
Selected for Official Publication.
COYTE, Judge.
Plaintiff filed suit against the two defendant corporations seeking recovery on a number of contracts entered into between the parties. Subsequently, G. L. Boone was joined as a defendant. It was alleged that Boone was president of the defendant corporations and that corporation properties of Baron Development Co., Inc., were transferred to him in consideration of antecedent debts. These transfers allegedly made that corporation insolvent and were made with the intent to hinder, delay or defraud creditors of Baron Development Co., Inc., including plaintiff. The complaint prayed that the conveyance be set aside and personal judgment be entered in favor of plaintiff against Boone. Boone generally denied the allegations that the transfers were made to defraud creditors and affirmatively answered alleging that the transfers were made in consideration of antecedent debts owed to him and that said transfers merely reduced the corporate debts.
Prior to commencement of the trial, the parties stipulated that judgment be entered in favor of plaintiff and against each corporate defendant in the amount of $54,-702.84, plus attorney's fees and interest determined by the court, for a total judgment of $61,942.32. The court, at conclusion of trial to the court, found that said transfers were made for the purpose of defrauding creditors and that it would be useless to order a voiding of the transfers of properties of the corporation previously made to defendant Boone. A personal judgment was entered against Boone for $61,942.32.
Boone appeals, contending: (1) that the evidence was insufficient to support the finding that transfers of property were made to Boone to defraud creditors, (2) that the court erred in entering a personal judgment against Boone, (3) that the court erred in including in its judgment attorney's fees and interest from the date the complaint was filed against Boone, and (4) that the court failed to make sufficient findings of fact and conclusions so that the judgment can be reviewed on appeal.

I.
The record is clear that Boone owned practically all of the outstanding stock of the defendant corporations and was their principal officer. Acting in a corporate capacity, he transferred properties from Baron Development Co., Inc., to himself and gave the corporation credit on his books for money owed to him by the corporation for the equity value of the properties transferred to him. He contends that the corporation owed money to him, that the transfers were for antecedent debts, that they were made for good and valuable consideration, and that there would be no basis for the court either to set aside the conveyances or to enter personal judgment against him.
On conflicting evidence the court found:
". . . that the defendant Boone transferred and misapplied the corporate property and assets of the defendant corporations to himself instead of using said property and assets to pay the corporate indebtednesses, and that this was at a time when the necessary result of such transfers was to make the defendant corporations insolvent, (if indeed the corporations were not already insolvent), and this resulted in the creditors of the defendant corporations being unable to collect their just claims from said corporations."
The evidence supports this finding. On the basis of this finding, the court could properly act to prevent Boone from being accorded a preference. As stated in Crowley v. Green, 148 Colo. 142, 365 P.2d 230, quoting from 19 C.J.S. Corporations § 1391:
"`. . . where the corporation is insolvent or has reached such condition *648 that its directors or officers see that they must deal with its assets in the view of its probable suspension, they cannot use those assets to prefer themselves as creditors in respect of preexisting debts to the prejudice of other general creditors, . . . . The principle underlying the rule denying a preference is that the directors or managing agents of an insolvent corporation are trustees for the creditors, as well as for the corporation, and will not be allowed to use the trust property for their own benefit to the disadvantage of other creditors, nor will they be allowed to use their position, with the superior knowledge or opportunity of acquiring information which it affords, to secure an advantage for themselves over other creditors. . . .'"

II.
Boone contends that the court erred in entering a personal judgment against him. We disagree. Baron Development Co. transferred three of its properties to Boone. He sold one of the properties, one was leased with an option to buy, and the third was destroyed by fire. There is no evidence in the record as to the value of these specific properties, but it is apparent from the record that the value of the property transferred exceeds the amount of the judgment entered against Boone. Since the rights of third parties are involved, the court could not void the sales to Boone and gain control of the property. Miller v. Kaiser, 164 Colo. 206, 433 P.2d 772, discussed the question of the power of the court to enter a personal judgment in this type of situation:
". . . It is the general rule that as long as the subject property remains in the possession of the fraudulent transferee in toto and is not depreciated by any action of the fraudulent transferee, a personal judgment against such transferee will not be sustained. See Hy-Lo Unit and Metal Products Company v. Ryon, 21 Cal.App.2d 38, 68 P.2d 393. See also 37 C.J.S. Fraudulent Conveyances § 444 and cases cited thereunder.
"However, under special circumstances it has nevertheless been held to be in equity's power to hold a fraudulent transferee personally liable. Such special circumstances generally involve some activity of the fraudulent transferee in causing the property involved to be depreciated in value which in his hands or causing the property, either wholly or in part, to be placed beyond the reach of the court. Equity in such events will not allow itself to be outwitted or frustrated. It had the power to and will go to the extent necessary to achieve equitable results. If a money judgment against the fraudulent transferee will accomplish the desired results, it will be imposed in favor of the judgment creditor. Such a judgment, however, by its very nature will be limited in amount to the loss in value of the subject property or if the property involved has been completely disposed of and beyond the reach of the court, the judgment will be limited to the full value of the property which would have otherwise been subject to the creditor's claim. Also, since such a personal judgment is to restore lost value in the property fraudulently conveyed, and is in lieu of returning this property fully to its prior ownership in the fraudulent transferor, the amount of this judgment when satisfied must be credited to the judgment claim. By its very nature, it cannot be an additional judgment, which would in effect increase the basic judgment claim."
The trial court in its findings on this issue found as follows:
"12. The Court further FINDS by clear and convincing evidence that much of the corporate property and assets illegally transferred to the defendant Boone have been sold by him, which sales were prior to the time of the trial of this suit, and that the proceeds of said sales were either retained by the defendant Boone, used by him to pay off debts for which he was personally responsible, *649 or used by him for other personal purposes.
"13. The Court further FINDS by clear and convincing evidence that the value of the corporate property and assets transferred to the defendant Boone by the corporate defendants were in an amount at least equal to the judgment heretofore stipulated to be entered against the defendant corporations in this case.
"16. The Court FINDS that it would be useless to order a voiding of the transfers of the defendant corporations' properties previously made to the defendant Boone, and that a money judgment is the only effective and proper remedy in this case."
The evidence supports these findings of the trial court and accordingly they will not be disturbed on review. Linley v. Hanson, 173 Colo. 239, 477 P.2d 453.

III.
Boone next contends that the court erred in including in its judgment attorney's fees and interest from the date the complaint was filed against Boone. He relies on Moreland v. Austin, 138 Colo. 78, 330 P.2d 136, which held that interest is a creature of the statute and is not recoverable in an action for damages based on fraud and deceit.
At the commencement of the trial the parties stipulated that judgment be entered against each corporate defendant in the amount of $54,702.84, that the court would determine the amount of attorney's fees since the contracts sued on contained a provision for attorney's fees, and that the court should determine if interest was due on the $54,702.84 at a date prior to the entry of judgment, and that if it did so determine then interest would be due from August 24, 1969.
Boone was joined as a defendant and plaintiff sought to have the conveyances made by the corporation to Boone set aside. If the court had been able to set aside the conveyances so that execution could be levied against the properties, then plaintiff would have recovered its stipulated judgment, attorney's fees and interest. Since Boone had received property from the corporation and put it beyond reach of the court, a personal judgment was entered against him in lieu of voiding the conveyance. Boone cannot complain because the judgment against the corporations includes attorney's fees and interest, stipulated to be due from the corporations to plaintiff. The decision of the court as to interest and attorney's fees is a final judgment from which there has been no appeal. There is no interest nor attorney's fees as such entered against Boone, just the amount of the judgment against the corporations which included interest and attorney's fees which were awarded against the corporations.

IV.
Boone contends that the court under the evidence did not make findings of fact and conclusions of law which were sufficiently complete under C.R.C.P. 52(a) to substantiate its judgment against him. We disagree. As stated in Rubens v. Pember, 170 Colo. 182, 460 P.2d 803:
"The trial court's findings adequately resolved the material and ultimate issue of fraud in sufficient detail. There is compliance with the Rules of Civil Procedure if the trial court makes findings on the material and ultimate facts, as it did here. Lininger v. Lininger, 138 Colo. 338, 333 P.2d 625."
Judgment affirmed.
SILVERSTEIN, C. J., and DWYER, J., concur.