**In re PETROLEUM TANK LINES, INC., Debtor.**

**Bankruptcy No. 80–20113.**

United States Bankruptcy Court, W. D. New York.

April 13, 1981.

McClung, Peters & Simon by Joseph B. Carr, Albany, N. Y., for Chemical Bank.

Harris, Beach, Wilcox, Rubin & Levey by Jeffrey Baker, Rochester, N. Y., for Sec. Trust Co.

Samuel Klafter, Rochester, N. Y., for debtor.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

One of the creditors has made a motion to dismiss this case or transfer it to the Northern District of New York because of defects in venue. The motion has been argued, affidavits have been submitted and memorandum of law supplied to the Court.

The facts are as follows. George R. Dunn, president of Petroleum Tank Lines, Inc. (PTL), the defendant debtor herein, has filed with this Court on behalf of that company a petition for relief under Chapter 11 of the Bankruptcy Code. Currently pending here is another Chapter 11 case involving Upstate Tanks, Inc. of which the same Mr. Dunn is president and sole stockholder. Upstate is a New York corporation having its principal place of business in Rochester, New York. Most of its assets and principal creditors are located in the Western District of New York. Petroleum Tank Lines, Inc. is a Massachusetts corporation with its principal place of business in Albany, New York and its assets and principal creditors are located in the Northern District of New York. Mr. Dunn is the president and sole stockholder of yet a third corporation, GRD, Inc., which in turn is the sole stockholder of PTL. GRD, Inc. transacts no business and owns no tangible assets. Chemical Bank, which is the principal creditor of the debtor, has moved to dismiss this case or to transfer it to the Northern District of New York pursuant to 28 U.S.C. § 1472 and § 1475. Section 1472 provides in part as follows:

> ... a case under Title 11 may be commenced in the Bankruptcy Court for a District—

> (2) in which there is pending a case under Title 11 concerning such person's affiliate, general partner or partnership.

Section 1475 provides in part as follows:

a Bankruptcy Court may transfer a case under Title 11 or a proceeding arising under or related to such a case to a Bankruptcy Court for another District in the interest of justice and for the convenience of parties.

■ The plaintiff argues that venue is improperly laid in the Western District because defendant meets none of the requirements of § 1472. The defendant disagrees, arguing that it is an affiliate of Upstate which has a case pending here and thus venue is properly laid pursuant to § 1472(2). The resolution of this dispute turns on whether Upstate is in fact an affiliate of PTL within the meaning of 11 U.S.C. § 101(2).

Section 101(2) provides in part as follows:
(2) affiliate means
(B) a corporation 20% or more of whose outstanding voting securities are directly or indirectly owned, controlled or held with power to vote by the debtor or by an entity that directly or indirectly owns, controls or holds power to vote 20% or more of the outstanding voting securities of the debtor . . .

Here, Mr. Dunn is not only president but has direct and complete control of all these corporations. He is the sole owner of Upstate and GRD. GRD was incorporated by Mr. Dunn for the sole purpose of acquiring an ICC license. Except for its holding of PTL stock, it has no assets. GRD was born solely to make possible Dunn's acquisition of the PTL business and has been ignored by him ever since.

In substance, if not in form, GRD is Mr. Dunn. In substance, if not in form, Mr. Dunn owns PTL. In any event, it is clear that Mr. Dunn at the very least indirectly owns or controls the stock of PTL within the meaning of § 101(2)(B) and therefore, Upstate is an affiliate of PTL. Accordingly, venue is properly laid in this District pursuant to 28 U.S.C. § 1472(2).

■ The moving party next argues that even if Upstate is an affiliate of PTL and venue is properly laid in the Western District of New York, the interests of justice

would best be served by transferring the case to the Northern District. The moving party urges that administration of the debtor's estate will be easier and more efficient in the Northern District where most of the witnesses and debtor's assets are located and that it would be more convenient for PTL's creditors if the case were heard there.

Here, we have two closely related debtors. Upstate has leased most of its valuable equipment to PTL. The most valuable equipment used or operated by PTL is leased from and owned by Upstate. The proceeds of these leases were pledged as collateral to Upstate creditors. Although PTL has not been making the lease payments, Upstate has neither repossessed the equipment nor sued to recover the amounts past due. It has also been alleged that the reason PTL has failed to pay Upstate on its leases is that Chemical Bank, the moving party herein, has taken control of PTL's accounts receivable and will not permit payment.

It would appear that to the extent PTL is indebted to Upstate, Upstate's creditors have become creditors of PTL. Thus, Upstate's creditors have a very real stake in the outcome of PTL's reorganization and should have an opportunity to be heard if they wish to challenge the propriety or validity of certain transfers of PTL assets to its creditors.

In addition, it appears from other proceedings before this Court in the Upstate case, wherein the relationship of Upstate and PTL have been examined at length, that the two corporations are so interdependent that their fortunes may rise or fall together. There is a distinct possibility that these cases may be consolidated. In any event, it appears that the negotiation of any reorganization or liquidation plan will be greatly facilitated if both cases are before a single Court.

Furthermore, 28 U.S.C. § 1475 and § 1477 seems to indicate that a transfer of venue is discretionary with the Court. For these reasons, the motion to dismiss the case for filing venue in the wrong place and the

motion to transfer the case to the Northern District of New York are denied and it is so ordered.