438 So.2d 1082 (1983)
POE & ASSOCIATES, INC., a Florida Corporation, Appellant,
v.
Don G. EMBERTON and George Kaibas, Appellees.
No. 83-362.
District Court of Appeal of Florida, Second District.
October 21, 1983.
*1083 Richard A. Bianco, Tampa, for appellant.
E.C. Langford of Langford, Mooney & McDuffee, P.A., Tampa, for appellee Don G. Emberton.
Edwin J. Bradley, Tampa, for appellee George Kaibas.
GRIMES, Acting Chief Judge.
This appeal involves the question of whether an insolvent corporation may prefer a director-creditor over other creditors.
Appellant (Poe) sued appellees (Emberton and Kaibas) seeking to recover $28,089 owed by Hercules Roofing and Sheet Metal, Inc. (Hercules) to Poe. Poe alleged that at a time when Hercules was insolvent it paid $10,000 to Emberton as a bonus and repaid loans to Kaibas in the amount of $23,287.77. When these payments were made Emberton and Kaibas were directors of Hercules, and Kaibas was its sole stockholder. Since Hercules' debt to Poe was liquidated and already owing, Poe contended that the payments to Emberton and Kaibas represented an improper preference as director-creditors. Upon the motions of Emberton and Kaibas, the court dismissed Poe's complaint with prejudice. We reverse.
For purposes of this appeal we shall assume that the payments to Emberton and Kaibas were in fulfillment of proper corporate obligations.[1] Therefore, the question becomes whether the corporation was entitled to pay the debts of its directors in preference to third-party creditors at a time when it was insolvent.
Since the Florida General Corporation Act does not address the subject,[2] Poe seeks to have this court resort to common law principles. Most jurisdictions prohibit the preferential payment of directors' debts. 19 C.J.S., Corporations, § 1390 (1940). While a few of the decisions are grounded upon statute,[3] some come about through the imposition of what is known as the trust fund doctrine,[4] and still others are based upon a theory that the directors as fiduciaries cannot be permitted to use their positions to benefit themselves at the expense of third-party creditors.[5] According to 15A W. Fletcher, Cyclopedia of the Law of Private Corporations § 7469 (rev. perm. ed. 1981):
§ 7469.  Rule prohibiting preferences after insolvency.
When a corporation becomes insolvent and can no longer continue in business, the directors and other managing officers occupy a fiduciary relation towards creditors by reason of their position and their custody of the assets, and they cannot, by conveyance, mortgage, pledge, confession of judgment, or otherwise secure to themselves, as creditors, any preference or advantage over other creditors, but the most that they can claim is the right to *1084 come in and share pro rata with the creditors in the distribution of the assets, and this rule applies to banking corporations as well as to others. More especially is this true with respect to a preexisting debt.
Nor can agreements entered into by the officers, even when supported by a sufficient consideration, alter the rule.
This is the rule sustained by the great weight of authority, and the fiduciary relation occupied by the officers results from their duty to wind up the affairs of an insolvent corporation and pay the debts incurred. This rule is recognized even in states where corporations have the right to prefer creditors.
The rules of the text are frequently applied to attempts by corporate presidents to secure preferences for themselves, and also to attempted transfers of the company's property to officers' wives in payment of alleged debts due to one or both of them.
The denial of the right of directors of an insolvent corporation to obtain a preference by way of security or payment of debts due them by the corporation is not as a rule founded upon the trust fund doctrine, but upon the theory that it is inequitable that a director, whose position as to knowledge of conditions and power to act for the corporation gives him an advantage, should be permitted to protect his own claim to the detriment of others at a time when it is apparent that all the unsecured debts of the corporation are equally in peril, and that all of them cannot be paid. And some cases take the position that he is not even a creditor as against creditors having no connection with the corporation. However, it is the universal rule in those states which recognize the trust fund doctrine, and is independent of any provision of the National Bankruptcy Act. (Footnotes omitted.)[6]
Emberton and Kaibas point out that former section 608.55, Florida Statutes, prohibited an insolvent corporation from paying debts to its directors. They argue that the repeal of this statute in 1975 represented a legislative determination to permit such payments. The same argument was made in Southern Industries, Inc. v. Jeremias, 66 A.D.2d 178, 411 N.Y.S.2d 945 (1978), because in adopting its Business Corporation Law in 1963, New York had repealed a specific statute prohibiting preferential payments by insolvent corporations to director-creditors. In rejecting this contention, the New York court said:
Whether it be upon the theory that directors of insolvent corporations are trustees for the benefit of all creditors, or upon the theory that it would be inequitable to allow directors to use inside information and their controlling voice in corporate affairs to benefit themselves over the claims of others, the common law forbids preferences to directors of insolvent corporations as being contrary to principles of fair, honest and open dealing (see Anns. 19 A.L.R. 320; 38 A.L.R. 90; 48 A.L.R. 479; 56 A.L.R. 207; 62 A.L.R. 738).
411 N.Y.S.d at 950. It should be noted that our legislature did not single out for repeal section 608.55, but simply eliminated it in the repeal of the entire chapter 608 and the adoption of a new corporation act. We cannot say that this action indicated legislative approval of preferential payment of debts by insolvent corporations to their directors.[7]
Directors have inside knowledge of corporate affairs. To permit them to use their fiduciary positions to obtain preferential treatment at the expense of third-party *1085 creditors is manifestly unfair. Consequently, we hold that a corporate creditor has a cause of action against a director to whom the corporation paid a pre-existing debt at a time when it was insolvent. We reverse the order of dismissal and remand the case for further proceedings.
SCHEB and RYDER, JJ., concur.
NOTES
[1] Our disposition of this appeal makes it unnecessary to decide whether in the absence of a pre-existing contract an insolvent corporation may ever properly pay a bonus to an employee when he is also a director.
[2] Section 607.144, Florida Statutes (1981), which mandates director liability for permitting the distribution of assets to stockholders without paying corporate debts is inapplicable, because even though Kaibas was Hercules' sole stockholder, the payment to him could not be deemed a distribution of assets.
[3] See Annot. 19 A.L.R. 320, 358 (1922).
[4] E.g., Burroughs v. Fields, 546 F.2d 215 (7th Cir.1976); Delia v. Commissioner, 362 F.2d 400 (6th Cir.1966); Wortham v. Lachman-Rose Co., 440 S.W.2d 351 (Tex.Civ.App. 1969).
[5] E.g., Robar Development Corp. v. Minutello, 268 Pa.Super. 406, 408 A.2d 851 (1979); Commons v. Schine, 35 Cal. App.3d 141, 110 Cal. Rptr. 606 (1974); Kirk v. H.G.P. Corporation, 208 Kan. 777, 494 P.2d 1087 (1972).
[6] Ordinarily this rule is only applied to pre-existing director debts and does not prohibit a corporation from giving security for a director loan made at a time when the corporation could not obtain new money from other sources because of its insolvency. Stuart v. Larson, 298 F. 223 (8th Cir.1924); 19 Am.Jur.2d, Corporations, § 1578 (1965).
[7] See Brown, Nordwall & Ashner, Corporate, Securities and Banking Law Aspects of Workouts, 32 U. Miami L.Rev. 979, 983 (1978), for a discussion of the effect of repealing section 608.55.