**In re HOLLY HILL MEDICAL CENTER, INC., etc., Debtor.**

**William F. BEEMER, Trustee, Plaintiff,**

v.

**CRANDON ENTERPRISES, INC., Gary L. Crandon and Roberta Crandon, Defendants.**

**Bankruptcy No. 82–1156–Orl–BK–GP. Adv. No. 84–216.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Oct. 4, 1985.

Jack H. Zinkow, Orlando, Fla., for trustee.

William F. Beemer, trustee, Orlando, Fla.

Raymond J. Rotella, Orlando, Fla., for defendants.

## ORDER DENYING MOTION TO DISMISS

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court on a motion to dismiss the Amended Complaint to Recover Preferential Transfers. The Amended Complaint alleges that defendants, Crandon Enterprises, Inc., Gary Crandon and Roberta Crandon are insiders of the debtor corporation, Holly Hill Medical Center and that preferential transfers "to or for the benefit" of these creditors occurred within one year of filing of the Petition. Defendants moved to dismiss as to Crandon Enterprises, Inc., on the ground that it was not an affiliate of debtor corporation within the meaning of 11 U.S.C. § 101(2). The motion also suggests that Count XI of the Amended Complaint is improper in seeking to impose personal liability against Gary Crandon based on Florida case law.

### I. AFFILIATE ISSUE

The first issue before the Court is whether Crandon Enterprises, Inc., is an "affiliate" of debtor within the definition of

11 U.S.C. § 101(2) and thus an "insider" of debtor corporation under 11 U.S.C. § 101(28)(E). Pertinent to this issue is that Gary Crandon owns 95% of the outstanding voting securities of Crandon Enterprises, Inc., and 42½% of the outstanding voting securities of debtor corporation. Neither Crandon Enterprises, Inc., nor debtor own voting securities of each other.

"Affiliate" is defined in 11 U.S.C. § 101(2)(B) to mean a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, (or) ... controlled ... by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor...." Gary Crandon is an entity within the definition of 11 U.S.C. § 101(14) who owns and controls more than 20% of the outstanding voting securities of debtor corporation. Likewise, Gary Crandon owns or controls more than 20% of the outstanding voting securities of Crandon Enterprises, Inc. Based on this ownership and control by Gary Crandon of both debtor corporation and Crandon Enterprises, Inc., Crandon Enterprises, Inc., is an affiliate of debtor corporation within the meaning of 11 U.S.C. § 101(2)(B).

The case law supports this finding that Crandon Enterprises, Inc. is an affiliate. In *In the Matter of Missionary Baptist Foundation*, 712 F.2d 206, 11 B.C.D. 144 (5th Cir.1983), the court addressed the issue of whether a business partner of a man who owned more than 20% of the voting securities of debtor could be an "insider" of the debtor. Underlying the insider issue was the question of whether the management corporation of which both men were more than 20% owners was an "affiliate." The court construed 11 U.S.C. § 101 to find the management corporation an affiliate and the individual owner who had no ownership interest in debtor an insider under 11 U.S.C. § 101(28)(E). The main difference between *Missionary Baptist* and this adversary proceeding is that *Missionary Baptist* court took an extra step and found the owner-director of the affiliate who had no ownership interest in debtor to be an insider of debtor.

The narrow issue before this court is whether the affiliate itself can be an insider of debtor corporation. In both *Queen City Grain Co.*, 32 B.R. 346, 10 B.C.D. 1256 (S.D.Ohio 1983), and *In re Petroleum Tank Lines*, 10 B.R. 286 (W.D.N.Y.1981), the courts found that where one person owns more than a 20% interest in the debtor corporation and in another corporation, the non-related corporation is an affiliate. *Queen City Grain* involved a shareholder-director who owned more than 20% of Queen City Grain Company and Queen City Grain, Inc. The court found Queen City Grain, Inc. to be an affiliate of the debtor, Queen City Grain Company. *Petroleum Tank Lines* involved three corporations related through George Dunn. Dunn was the sole owner of Upstate Tanks, Inc., and GRD, Inc. The only asset of GRD, Inc., was 100% of the outstanding securities of Petroleum Tank Lines, Inc. The court found that Dunn's total control of all three corporations was sufficient to find Upstate Tank, Inc., an affiliate of the debtor, Petroleum Tank Lines, Inc. Overall, it appears that the courts have interpreted 11 U.S.C. § 101(2)(B) to mean that where one person controls both the debtor and another corporation, that "non-related" corporation is an affiliate of the debtor.

Having determined that Crandon Enterprises, Inc., is an affiliate of debtor we move to decide whether Crandon Enterprises, Inc., is an insider of the debtor. Title 11 U.S.C. § 101(28)(E) defines insider to include an "affiliate." Since Crandon Enterprises, Inc., is an affiliate, it is likewise an insider of debtor corporation under § 101(28)(E).

## II. STATE LAW ISSUE

The second issue before the court is whether a common law fiduciary duty exists which if breached would expose Gary

Crandon to personal liability for all debts paid by debtor which had been guaranteed by him personally. Gary Crandon was an officer, director and general manager of debtor corporation during the year prior to filing. Plaintiff alleges that Gary Crandon used his position with the debtor to cause the debtor to pay loans which Crandon had personally guaranteed to the detriment of other creditors. The result of this action would be to reduce Crandon's potential liability if the primary obligor defaulted. Plaintiff asserts that Gary Crandon bears this common law fiduciary duty based on *Poe & Associates v. Emberton*, 438 So.2d 1082 (Fla.App. 2 Dist.1983). Defendants move to dismiss this count alleging that the reasoning behind *Emberton* does not apply.

*Emberton* dealt with a debtor corporation that was wholly owned by Kaibas. Both Kaibas and Emberton were directors of debtor. Within one year of filing while the debtor was insolvent, debtor paid $10,000.00 to Emberton as a bonus and $23,000.00 to Kaibas in repayment of a loan. The issue before the court was whether a common law fiduciary duty prohibited a debtor from paying "debts of its directors in preference to third-party creditors" while the debtor was insolvent. *Id.* at 1083. The court answered this question affirmatively. The reasoning behind this decision is that "it is inequitable that a director, whose position as to knowledge of conditions and power to act for the corporation gives him an advantage, should be permitted to protect his own claim to the detriment of others at a time when it is apparent that all the unsecured debts of the corporation are equally in peril, and that all of them cannot be paid." *Id.* at 1084. Obviously, *Emberton* applies to this proceeding.

It is ORDERED as follows:

(1) Defendants' motion to dismiss the Amended Complaint is denied.

(2) Defendant shall answer the Amended Complaint in 20 days.