831 P.2d 981

**Alvin SMITH, Plaintiff–Appellant,**

v.

**Roger COX, Defendant–Appellee.**

**No. 19916.**

Supreme Court of New Mexico.

May 5, 1992.

Rehearing Denied June 18, 1992.

Mettler & LeCuyer, P.C., Earl Mettler, Albuquerque, for plaintiff-appellant.

The Payne Law Firm, H. Vern Payne, Marcia Lubar, Albuquerque, for defendant-appellee.

## OPINION

BACA, Justice.

In 1986, appellant Alvin Smith successfully sued FDC Corporation receiving a judgment for $54,134.00 plus costs. That judgment was subsequently affirmed on appeal in *Smith v. FDC Corp.*, 109 N.M. 514, 787 P.2d 433 (1990). In March of 1987, while the Smith suit was pending, FDC Corporation liquidated its corporate assets and ceased doing business. No formal dissolution proceedings were ever initiated. When Smith sought to collect the judgment amount, he discovered that the corporation was insolvent.

Thereafter, Smith filed this action alleging that appellee Roger Cox, a director, an officer and sole shareholder of the FDC Corporation, was liable to Smith for the amount FDC owed him on the grounds that Cox failed to comply with New Mexico's dissolution statutes, and that Cox's payment of $62,601.39 to himself as a creditor during the liquidation of FDC's assets constituted an impermissible preference. In

addition, Smith's complaint requested that a trust be imposed upon assets distributed to Cox and others during liquidation. The trial court granted Cox's motion to dismiss and entered its order dismissing Smith's complaint with prejudice for failure to state a claim upon which relief can be granted pursuant to SCRA 1986, 1–012(B)(6) (Cum. Supp.1991). We reverse.

■ Appellant presents us with several arguments for reversal, but only his claim of an impermissible preference merits further discussion. Specifically, we do not agree with appellant's first contention that the dissolution statutes impose personal liability for noncompliance. Nor has the appellant convinced us to align ourselves with a minority of jurisdictions in adopting the trust fund doctrine.

■ Appellant argues that Count II of his complaint stated a valid cause of action under the common law rule on corporate liquidation.[1] Appellant maintains that the insolvent FDC Corporation's payment on its debt to appellee Cox, its own officer, constituted an impermissible preference. A "preference" is a payment of corporate assets made while the corporation is insolvent or on the verge of insolvency which has the effect of permitting the corporate insider (director or officer) to receive a greater share of his/her debt than the general creditors of the corporation, who prior to the payment had a claim of similar priority. 18B Am.Jur.2d *Corporations* § 2155 (1985).

In the instant case, Cox was president of FDC Corporation in 1986 and 1987. Between the years 1984 and 1987, Cox made the FDC Corporation a number of unsecured loans totalling $579,500.00. When the FDC Corporation ceased doing business in March 1987, Cox liquidated its assets. All debts to other outside creditors were settled, but no arrangements were made for Smith's pending lawsuit against FDC. Cox then made payments from FDC to himself for a total sum of $62,601.39 on the outstanding loans. For the purpose of this appeal, we shall assume that the corporate obligation to Cox was legitimate and that FDC Corporation was insolvent when the payments were made to Cox. Appellant contends that such preferential treatment gives rise to a common law cause of action and that the trial court erred in dismissing his complaint. We agree.

The New Mexico Business Corporation Act does not address the subject of preferences in the dissolution of a corporation, thus we must look to common law principles. The majority of jurisdictions do not allow an insolvent corporation to prefer its own directors and officers. 15A William M. Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations* §§ 7468–7469 (perm. ed. rev. vol. 1990) [hereinafter *Fletcher Cyc. Corp.*]; 19 C.J.S. *Corporations* § 753 (1990); 18B Am.Jur.2d *Corporations* § 2158 (1985). Though a few of the decisions sustaining this rule have been based upon the trust fund doctrine or a state statute prohibiting preferences, *see e.g., Burroughs v. Fields,* 546 F.2d 215 (7th Cir.1976); *Delia v. Commissioner,* 362 F.2d 400 (6th Cir.1966), most of the decisions rely upon a theory that the directors and officers as fiduciaries cannot be allowed to use their position and superior inside knowledge to benefit themselves at the expense of third-party creditors. *E.g., Epcon Co. v. Bar B Que Baron Int'l Inc.,* 32 Colo.App. 393, 512 P.2d 646 (1973); *Poe & Assocs., Inc. v. Emberton,* 438 So.2d 1082 (Fla.Dist.Ct.App.1983); *Kirk v. H.G.P. Corp.,* 208 Kan. 777, 494 P.2d 1087 (1972); *Robar Dev. Corp. v. Minutello,* 268 Pa.Super. 406, 408 A.2d 851 (1979). According to 15A *Fletcher Cyc. Corp.* Section 7469:

> When a corporation becomes insolvent and can no longer continue in business, the directors and other managing officers occupy a fiduciary relation towards creditors by reason of their position and

---

1. While we recognize that NMSA 1978, Section 56–9–1, et seq. specifically addresses questions of preferential transfers, we have omitted any discussion of this statute because the parties failed to raise it at any time—in the proceedings below or on appeal. While there is no apparent conflict between the result reached in our opinion and this particular statute, nonetheless, we do note that this opinion does not purport to change or affect Section 56–9–1 et seq.

their custody of the assets. Therefore, directors and officers who are also creditors of the insolvent corporation cannot, by conveyance, mortgage, pledge, confession of judgment, or otherwise secure to themselves any preference or advantage over other creditors. The most that they can claim, in the absence of a prior perfected interest or priority claim, is the right to come in and share pro rata with the creditors in the distribution of the assets * * *. This is especially true with respect to a preexisting debt.

Generally, the rule prohibiting preferences to directors is not founded upon the trust fund doctrine, but upon the theory that it is inequitable that directors, whose knowledge of conditions and power to act for the corporation give them an advantage, should be permitted to protect their own claims to the detriment of others * * *. In most jurisdictions, the rule is sustained on the basis of the fiduciary relation occupied by officers in their duty to wind up the affairs of an insolvent corporation and to pay the debts incurred. (Footnotes omitted.)

Appellee argues that New Mexico should adopt the minority position which allows insolvent corporations to prefer its own directors. *See* 15A *Fletcher Cyc. Corp.* § 7470; 19 C.J.S. *Corporations,* § 753; 18B Am.Jur.2d *Corporations* § 2159. Under the minority view, however, preferences are only permissible if the corporate insiders are bona fide creditors and there is no evidence of fraud. 15A *Fletcher Cyc. Corp.* § 7470. In addition, there is a difference of opinion in the jurisdictions allowing such preferences, some holding that a preference to an insider may only be given in return for a contemporaneous loan or advance to the corporation. *Id.* In other words, those courts have further modified the minority rule to prevent an insolvent corporation from granting a preference to its own directors to satisfy their preexisting debts. *Boyd v. Boyd & Boyd, Inc.,* 386 N.W.2d 540, 543 (Iowa Ct.App.1986); *Land Red–E–Mixed Concrete Co. v. Cash Whitman, Inc.,* 425 S.W.2d 919 (Mo.1968). Still other states have statutes regulating transactions between the corporation and inter-

ested directors which are likewise intended to reduce the risk of insider abuse. *See* 15A *Fletcher Cyc. Corp.* § 7470.

■ Notwithstanding the additional requirements and the use of protective measures intended to prevent insider abuse, the minority position has been strongly and justifiably criticized. *Id.* We hold that fashioning oneself a preference at the expense of other creditors is unfair and contrary to the principles of open and honest dealing. *Poe & Assocs.,* 438 So.2d at 1084; *see also* Annotation, *Right of a Corporation to Prefer Creditors,* 19 A.L.R. 320 (1922) (supplemented by 38 A.L.R. 90 (1925); 48 A.L.R. 479 (1926); 56 A.L.R. 207 (1928); 62 A.L.R. 738 (1929)). Therefore, we conclude that the better view is that of the majority because the rule against preferential treatment is better calculated to prevent fraud and to promote the principles of fair, honest, and open dealing.

A director or officer of a corporation may become a secured creditor when the loan is made in good faith to a solvent corporation. 15A *Fletcher Cyc. Corp.* § 7467. However, when a corporation is insolvent, the corporate insiders may not secure their past indebtedness—thereby protecting themselves and injuring other creditors. 15A *Fletcher Cyc. Corp.* § 7469. Therefore, absent a legitimate priority claim or a prior perfected interest, the corporate insider may only share pro rata in the distribution of assets to *all the creditors. Id.*

■ Appellee contends that the courts prohibiting preferential treatment of an officer or director have done so only where there was evidence of fraudulent intent or bad faith on the part of the corporate officer. We disagree. Proof of a preference for a corporate insider does not depend on the showing of fraud or bad faith, but upon the showing of a violation of the fiduciary relation of the directors. *B & S Rigging & Erection, Inc. v. Wydella,* 353 N.W.2d 163, 168 (Minn.Ct.App.1984). When officers of an insolvent corporation give themselves a preferential payment, there is a presumption that such officers took an unfair advantage of their insider positions and spe-

**686**

cial knowledge. *Robar Dev. Corp.*, 408 A.2d at 853–854. We hold that the corporate insiders have the burden of showing that the payment to themselves was proper, and not preferential in nature. *Id.* If that burden is not met, we recognize that the corporate creditor may seek to set aside the preference and may follow the corporation's assets into the hands of one who is not a good faith holder. *Boyd v. Boyd & Boyd*, 386 N.W.2d at 543; *see also* 18B Am.Jur.2d *Corporations* §§ 2166–2168 (explaining creditors' remedies).

Appellee next argues that his status as a shareholder places him in the same position as any other general creditor and absent any statutory prohibition, fraud, collusion, or bad faith, the corporation may prefer its shareholders. While there is authority holding that a corporation may prefer a stockholder who is also a creditor, *see* 15A *Fletcher Cyc. Corp.*, Section 7484, when an insolvent corporation prefers the sole, dominant, or influential stockholder who has authority over the corporate decision, the preference has been deemed invalid. *Delia v. Commissioner*, 362 F.2d at 402; 15A *Fletcher Cyc. Corp.*, § 7484; 18B Am.Jur.2d *Corporations* § 2157. In the instant case, Cox was the sole shareholder and the president of the FDC Corporation. We cannot ignore that Cox had a fiduciary duty to wind up the affairs of the insolvent corporation, and as such had both inside information and a controlling voice in the corporate affairs. Therefore, despite Cox's status as a shareholder, he may not fashion for himself a preference at the expense of other creditors.

Nor do we agree with appellee's assertion that there should be no recovery because appellant's claim against FDC Corporation was not final, but merely pending. Appellee argues that NMSA 1978, Section 53–16–11 (Repl.Pamp.1983), the statute addressing a corporation's distribution of assets upon dissolution, can be read to require payment by the corporation of all final debts before making any provisions for any pending claims. However, nothing in that statute or in the New Mexico Business Corporation Act suggests that the legislature intended that final claims have priority over contingent claims. At the time FDC's assets were distributed, Smith had a contingent claim with no precise amount

owing. Nonetheless, it is clear that appellee Cox had knowledge of the lawsuit and knew that the corporation would have no assets to pay any ensuing judgment amount. *See Robar Dev. Corp.*, 408 A.2d at 853 (holding that a corporation could not dissolve and distribute its assets without providing for contingent claims). Smith's pending lawsuit did constitute a corporate obligation for which the corporation was required to make adequate provisions toward its payment. § 53–16–11(E). Based on the circumstances of this case, the burden is on appellee Cox, as the corporate insider, to demonstrate why he should be paid before Smith.

In accordance with the foregoing discussion, we hold that the complaint does state a common law cause of action for impermissible preferential treatment of a corporate insider. Therefore, we reverse and remand for further proceedings consistent with our ruling.

IT IS SO ORDERED.

MONTGOMERY and FROST, JJ., concur.