(788 P.2d 289)

No. 64,301

D-1 CONSTRUCTORS, LTD., *et al.*, *Appellants*, v. UNIFIED SCHOOL
DISTRICT NO. 229, JOHNSON COUNTY, STATE OF KANSAS, *et al.*,
*Appellees*.

Opinion filed March 9, 1990.

*George A. Lowe*, of Lowe, Farmer, Bacon & Roe, of Olathe, and *Richard
A. King*, *Thomas W. Shawver*, and *Thomas J. Fritzlen, Jr.*, of Wirken &
King, of Kansas City, Missouri, for the appellants.

*Thomas E. Ruzicka*, of Watson, Ess, Marshall & Enggas, of Olathe, and
*Paul G. Schepers* and *Duane J. Fox*, of Burrell, Seigfried & Bingham, P.C.,
of Kansas City, Missouri, for appellee J.E. Dunn Construction Co.

*John L. Vratil* and *Laura J. Bond*, of Lathrop, Koontz & Norquist, of
Overland Park, for appellees Unified School District No. 229 and individual
members of the Board of Education of Unified School District No. 229.

Before REES, P.J., DAVIS and ELLIOTT, JJ.

DAVIS, J.: Unified School District No. 229 awarded a construction
management services contract to J.E. Dunn Construction
Company without soliciting sealed bids from other contractors.
Seventeen general contractors filed this action seeking (1) a declaratory judgment that K.S.A. 1988 Supp. 72-6760 required the
school district to solicit sealed bids; (2) a restraining order and
injunction barring the school board from approving the contract
and from proceeding with the project until sealed bids were
accepted and reviewed; and (3) a writ of mandamus ordering the
board to cancel and re-let the contract using competitive bidding.
The trial court denied the restraining order and later dismissed
all three counts on the grounds that the plaintiff contractors lacked
standing. We affirm without reaching the question of standing.

"The reasons given by the district court for its decisions are
immaterial so long as its ruling was correct for any reason." *Prairie*

*State Bank v. Hoefgen*, 245 Kan. 236, 245, 777 P.2d 811 (1989). "If the decision below is correct for any reason, it must be affirmed." *Yellow Freight System, Inc. v. Kansas Commission on Civil Rights*, 214 Kan. 120, 124, 519 P.2d 1092 (1974). We conclude that the trial court's decision was correct because K.S.A. 1988 Supp. 72-6760, upon which the plaintiffs base their entire cause of action, is not applicable to this case.

The contract between U.S.D. No. 229 and Dunn is based on a "Standard Form of Agreement Between Owner and Construction Manager" developed by the American Institute of Architects. Highly summarized, the contract requires Dunn to develop detailed construction plans, detailed schedules, and detailed cost analyses. Dunn is also required to establish bidding qualifications, to solicit bids, and to make recommendations for the award of contracts or the rejection of bids. Dunn itself is not allowed to bid. Once construction is under way, Dunn is required to supervise and coordinate the various contractors. Upon substantial completion, Dunn is to conduct inspections and make recommendations to the architect regarding final inspection. Dunn is paid a percentage of the "construction cost" for its services.

K.S.A. 1988 Supp. 72-6760 requires sealed proposals for construction or for purchase of material, goods, or wares:

"(a) No expenditure involving an amount greater than $10,000 for construction, reconstruction or remodeling or for the purchase of materials, goods or wares shall be made by the board of education of any school district except upon sealed proposals, and to the lowest responsible bidder."

The services provided by Dunn in the management services contract are not covered by K.S.A. 1988 Supp. 72-6760.

In the 1985 bound volume of Kansas Statutes Annotated, Volume 5A, there is a cross-reference under K.S.A. 72-6760 to the "prompt payment for goods and services" at K.S.A. 75-6401 *et seq.* K.S.A. 75-6402 defines government agency to include a unified school district. It further defines "goods" under subsection (d) as follows: " 'Goods' means any goods, supplies, materials, equipment or other personal property, but does not mean any real property." "Services" are defined under subsection (e) as "any contractual services including architectural, engineering, medical, financial, consulting or other professional services, any construction services and any other personal services."

The legislature has had numerous opportunities to amend the provisions of 72-6760, but it has not amended the statute to include contracts for "services." Plaintiffs make an argument that public policy underlying K.S.A. 1988 Supp. 72-6760 requires us to read into the statute the type of services that would be provided by Dunn Construction Company in a "construction management services contract." The argument is that the public would be denied the benefits of 72-6760 if the contract in question were not subject to sealed bid. Whatever merit this position may have, we are not at liberty to read into the statute a provision requiring sealed, competitive bidding for contracts for services.

Under these circumstances, we conclude as a matter of law that the statute upon which plaintiffs base their entire action is not applicable.

Affirmed.