Joan Hamilton Shawnee County District Attorney 6880 Aylesbury Road Topeka, Kansas 66610
Dear Ms. Hamilton:
In your former capacity as representative for the fifty-first district, you requested our opinion regarding whether a certain activity undertaken by a unified school district is subject to the bidding requirement set forth in K.S.A. 1991 Supp. 72-6760. The activity is part of a project to build a combination soccer field and practice football field with a gravel road running along one side of the field. The specific activity is referred to in the correspondence as "site preparation" and involved, basically, the grading and hauling of dirt.
K.S.A. 1991 Supp. 72-6760 provides in part:
 "(a) No expenditure involving an amount greater than $10,000 for construction, reconstruction or remodeling or for the purchase of materials, goods or wares shall be made by the board of education for any school district except upon sealed proposals, and to the lowest responsible bidder.
 "(b) The provisions of subsection (a) do not apply to expenditures by a board of education for the purchase of:
"(1) Services. . . ."
A unified school district is an arm of the state existing only as a creature of the legislature to operate as a political subdivision of the state, and has only such power as is granted by the legislature.NEA-Wichita v. U.S.D. No. 259, 234 Kan. 512, 517 (1983). School districts and other subdivisions of the state have only such powers as are conferred upon them by statute, specifically or by clear implication, and any reasonable doubt as to the existence of such power should be resolved against its existence. Hobart v. U.S.D. No. 309,230 Kan. 375, 383 (1981).
The interpretation of a statute is a matter of law and it is the function of the court to interpret the statute to give it the effect intended by the legislature. Todd v. Kelly, 251 Kan. 512, 515 (1992). In determining legislative intent, courts are not limited to a mere consideration of the language employed but may properly look into the historical background of the enactment, the circumstances attending and subsequent to its passage, the purposes to be accomplished, and the effect the statute may have under the various constructions suggested.Steele v. City of Wichita, 250 Kan. 524, 529 (1992). The court must give effect to the legislature's intent even though words, phrases, or clauses must be omitted or inserted in the statute. Todd, 241 Kan. at 516.
A version of the mandatory bidding statute applicable to schools has been in existence since 1963. In 1988, the statute provided in part that "[n]o expenditure involving an amount greater than $10,000 for construction, reconstruction or remodeling . . . shall be made by the board of education of any school district except upon sealed proposals, and to the lowest responsible bidder." L. 1986, ch. 273, sec. 1. No provision expressly excluded the acquisition of services from the requirements of the statute.
In D-1 Constructors, Ltd. v. U.S.D. No. 229, 14 Kan. App. 2d 245
(1990), the Kansas Court of Appeals relied on the definition of services contained in K.S.A. 75-6402 in determining that the mandatory bidding statute did not apply to architectural services. The court stated:
 "In the 1985 bound volume of Kansas Statutes Annotated, Volume 5A, there is a cross-reference under K.S.A. 72-6760 to the `prompt payment of goods and services' at K.S.A. 75-6401 et seq. K.S.A. 75-6402 defines government agency to include a unified school district. It further defines `goods' under subsection (d) as follows: `"Goods" means any goods, supplies, materials, equipment or other personal property, but does not mean any real property.' `Services' are defined under subsection (e) as `any contractual services including architectural, engineering, medical, financial, consulting or other professional services, any construction services and any other personal services.'
 "The legislature has had numerous opportunities to amend the provisions of 72-6760, but it has not amended the statute to include contracts for `services.' . . . [W]e are not at liberty to read into the statute a provision requiring sealed, competitive bidding for contracts for services." Id. at 246-47 (emphasis added).
The court of appeals essentially determined that the provisions of the mandatory bidding statute, through its express provisions, applied to acquisitions for construction purposes. However, as the statute was silent regarding services, acquisition of the professional services set forth in K.S.A. 75-6402 were exempt from the provisions of the mandatory bidding statute. See D-1 Contructors, Ltd., 14 Kan. App. 2d at 247.
During the 1990 legislative session, exemptions were added to the bidding statute. Subsection (6) provided that purchases of "services, materials, goods or wares required for reconstruction, remodeling, repairing or equipping buildings [are exempt] when such purchase has been necessitated by the occurrence of a loss against which the board of education has purchased property or casualty insurance. . . ." L. 1990, ch. 256, sec. 1. In 1991, the statute was amended into its present form, with services set out as a separate exemption. L. 1991, ch. 226, sec. 10. The 1991 amendment was introduced in part to clarify that the amendments passed in 1990 were intended to exempt professional services sought by a unified school district from the provisions of the mandatory bidding statute. Minutes, House Committee on Education (March 4 and 25, 1991); Minutes, Senate Committee on Education (February 27, 1991); Attorney General Opinion No. 91-108.
All statutes are presumed to be enacted with full knowledge of the existing condition of the law and with reference to it. Early DetectionCenter, Inc. v. Wilson, 248 Kan. 869, 874 (1991). The Kansas Court of Appeals had previously determined that the acquisition of certain services were not subject to the mandatory bidding requirement. The legislature chose to expressly exclude the acquisition of such services from the requirement. No other intent has been indicated by the legislature. Therefore, those services which are exempt pursuant to subsection (b)(1) from the bidding requirement set forth in K.S.A. 1991 Supp. 72-6760 are professional services, such as architectural, engineering, medical, financial, consulting, and other similar services. If the services provided to the unified school district in constructing the combination soccer field and practice football field constitute professional services, the acquisition of those services are exempt from the provisions of K.S.A. 1991 Supp. 72-6760.
Indices to be considered in determining whether a service is a professional service are set forth in Burlington Township v. MiddleDepartment Inspection, 421 A.2d 616 (N.J.Super. 1980). Qualifications indicating that professional services are being provided are that:
 "(1) the services are to be rendered or performed by a person authorized by law to practice a recognized profession; (2) that person's practice is regulated by law[;] and (3) the performance of the services requires knowledge of an advanced type in a field of learning acquired by a prolonged formal course of specialized instruction and study as distinguished from general academic instruction or apprenticeship and training" Id. at 619.
The unified school district was obtaining the services to undertake a grading project, involving the moving and hauling of dirt. The services required the use of a scraper, a loader, a grader, and a drag box. The service fail to meet the indices set forth in Burlington Township, nor do they fall within those previously set forth by the Kansas Court of Appeals in D-1 Constructors, Ltd. Therefore, those services involving the moving and hauling of dirt for a grading project undertaken by a unified school district are subject to mandatory bidding requirements when those services involve an expenditure of more than $10,000.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm