The Honorable Tim Shallenburger State Representative, 1st District 2027 Fairview Baxter Springs, Kansas 66713
Dear Representative Shallenburger:
As Speaker of the House and State Representative for the First District, you request our opinion regarding bidding requirements applicable to unified school districts. Specifically, you ask whether a unified school district which has obtained bids pursuant to K.S.A. 72-6760 may, when all submitted bids exceed the school district's estimated budget for a construction project, negotiate with the lowest responsible bidder in an attempt to bring the construction project within the estimated budget.
A unified school district is obligated to obtain sealed proposals for construction or for purchase of materials, goods, or wares. D-1 Constructors, Ltd. v. Unified School District No. 229, Johnson County,14 Kan. App. 2d 245, 246 (1990).
 "(a) No expenditure involving an amount greater than $10,000 for construction, reconstruction or remodeling or for the purchase of materials, goods or wares shall be made by the board of education of any school district except upon sealed proposals, and to the lowest responsible bidder." K.S.A. 72-6760.
Pursuant to subsection (c) of K.S.A. 72-6760, a unified school district may, in an instance where the low bid was submitted by a bidder domiciled outside the district, award the bid to the lowest bidder domiciled within the district if:
 "(1) The quality, suitability and usability of the materials, goods or wares are equal;
 "(2) the amount of the bid of the school district domiciliary is not more than 1% greater than the amount of the low bid; and
 "(3) the school district domiciliary agrees to meet the low bid by filing a written agreement to that effect within 72 hours after receiving notification of being deemed the preferred bidder." K.S.A. 72-6760
(emphasis added).
As provided in subsection (d) of K.S.A. 72-6760, subsection (c) is not applicable to expenditures for construction, reconstruction, or remodeling. K.S.A. 72-6760.
"The interpretation of a statute is a question of law and, therefore, th[e] court's review is unlimited. When interpreting a statute, the fundamental rule is that the intention of the legislature governs if that intent can be ascertained. When a statute is plain and unambiguous, the court must give effect to the intent of the legislature as expressed rather than determine what the law should or should not be." Davey v. Hedden,260 Kan. 413, 419 (1996) (citations omitted). In order to construe one part of a statute, it is permissible to look at other parts of it. Shain v. Boeing Military Planes, 22 Kan. App. 2d 913, 917 (1996). Courts are not permitted to consider only a certain isolated part or parts of an act, but are required to consider and construe together all parts thereof in pari materia. Legislative Coordinating Council v. Frahm, 262 Kan. 144,153 (1997).
"One of the purposes of advertising for bids and of letting contracts to the lowest responsible bidder is to ensure competition." R.D. Andersen Const. Co. v. City of Topeka, 228 Kan. 73, 80 (1980). Competitive bidding statutes are also intended to protect the public by saving public funds and by guarding against favoritism, improvidence, and corruption. See Sutter Bros. Const. Co. v. City of Leavenworth, 238 Kan. 85, 92 (1985).
In an attempt to assure competition and to protect the funds of a unified school district, the Legislature has prescribed that a unified school district obtain sealed proposals for designated expenditures involving an amount greater than $10,000. A proposal is:
 "An offer; something proffered. An offer, by one person to another, of terms and conditions with reference to some work or undertaking, or for the transfer of property, the acceptance whereof will make a contract between them. Signification by one person to another of his willingness to enter into a contract with him on the terms specified in the offer." Black's Law Dictionary 1097 (1979) (emphasis added).
See Sutter Bros. Const. Co., 238 Kan. at 92 (a bid in response to a solicitation constitutes no more than an offer and, until its acceptance, a contract does not exist).
The Legislature has expressly authorized a unified school district to permit modification of sealed proposals upon the conditions set forth in subsection (c) of K.S.A. 72-6760.
However, as previously noted, expenditures for construction, reconstruction, or remodeling are not subject to application of subsection (c).
 "A school district is an arm of the state existing only as a creature of the legislature to operate as a political subdivision of the state. A school district has only such power and authority as is granted by the legislature and its power to contract, including contracts for employment, is only as is conferred either expressly or by necessary implication." NEA-Wichita v. U.S.D. No. 259, 234 Kan. 512, 517
(1983), quoting Gragg v. U.S.D. No. 287, 6 Kan. App. 2d 152, Syl. ¶ 3 (1981).
When reviewing K.S.A. 72-6760 in toto, it becomes clear that the ability of a unified school district to obtain modification of sealed proposals through negotiations with the lowest responsible bidder in an attempt to bring a building project within the school district's estimated budget for a construction project is neither expressly conferred nor necessarily implied by State statute. Because such authority is not conferred by State statute, a unified school district may not conditionally accept the bid of the lowest responsible bidder submitting a sealed proposal for an expenditure exceeding $10,000 for a construction project, and then negotiate with the lowest responsible bidder in an attempt to bring the construction project within the school district's estimated budget for the building project.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm